The STATE of Ohio, Appellee,

v.

DEMOSTHENE, Appellant.

[Cite as *State v. Demosthene* (1992), 78 Ohio App.3d 421.]

Court of Appeals of Ohio,
Allen County.

No. 1-92-13.

Decided Aug. 6, 1992.

*David Rodabaugh*, Law Director, for appellee.

*Jerry M. Johnson*, for appellant.

HADLEY, Presiding Judge.

This appeal is taken from the Lima Municipal Court judgment finding defendant-appellant, Antoine Y. Demosthene, Jr., guilty of failing to comply with condition ten of his probation conditions.

On December 24, 1990, appellant was charged with assault, pursuant to R.C. 2903.13(A). On May 17, 1991, appellant pled no contest and the judge found appellant guilty of that charge. On July 24, 1991, appellant was sentenced to one hundred eighty days in the Allen County Jail and fined $1,000, plus court costs. One hundred fifty days of the jail sentence and $800 of the fine were suspended on the condition that appellant comply with probation conditions.

On December 21, 1991, appellant entered an establishment known as Player's Sports and Spirits in Lima with Richie Reynolds. Within a few minutes after their arrival, Reynolds became involved in an altercation with Chad Osmond inside the bar. Shortly thereafter, the participants in the altercation went outside. Osmond claimed that appellant was taunting Osmond about the fight.

On December 23, 1991, appellant's probation officer filed a failure to comply complaint and a hearing on this complaint was held on January 13, 1992. The court determined that appellant violated condition ten of his probation conditions, which stated:

"Stay out of all public places where intoxicants are sold or served."

Upon the conclusion of the hearing, the court determined that since appellant violated a probation condition, his probation would be revoked. It is from this decision that appellant asserts two assignments of error:

### Assignment of Error No. 1

"The trial court below abused its discretion in revoking the probation of the appellant for the reason that there was no proof offered that the appellant committed any act which violated the spirit of his probation given the testimony that he was ordered to stay out of 'bars' and not restaurants."

R.C. 2951.02 mandates that two conditions must be part of a defendant's probation: first, that he abide by the law and, second, that he not leave the state without permission of his probation officer. In addition, R.C. 2951.02(C) provides:

" * * * In the interests of doing justice, rehabilitating the offender, and ensuring his good behavior, the court may impose additional requirements on the offender * * *."

The Ohio Supreme Court has determined that this provision grants a trial court broad discretion in imposing additional conditions of probation. *State v. Jones* (1990), 49 Ohio St.3d 51, 52, 550 N.E.2d 469, 470. However, a court's discretion is not limitless in this area. *Lakewood v. Davies* (1987), 35 Ohio App.3d 107, 519 N.E.2d 860. In determining if the trial court abused its discretion, an application of the test enunciated in *Jones, supra*, is necessary:

"In determining whether a condition of probation is related to the 'interests of doing justice, rehabilitating the offender, and insuring his good behavior,' courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." (Citations omitted.) *Id.*, 49 Ohio St.3d at 53, 550 N.E.2d at 470.

In reviewing the record and the condition imposed upon appellant, we find that the condition meets the test in *Jones* and that, therefore, the court did not abuse its discretion by imposing this condition. By requiring appellant to stay out of public places that serve or sell intoxicants, the court hoped to prevent appellant from engaging in any more incidents in places serving intoxicants, thereby satisfying the first requirement in *Jones*. Second, the condition related to the crime of assault. The assault for which appellant was put on probation occurred immediately after exiting an establishment that served and sold intoxicants. Therefore the probation condition reasonably

related to the crime for which he was convicted. Finally, the condition was put on appellant in the hopes that he would not engage in any more crimes involving public places that served or sold intoxicants.

Thus, the condition met the *Jones* test and was not an abuse of discretion by the court. Therefore, this assignment of error is not well taken.

### Assignment of Error No. 2

"The trial court below erred in revoking the probation of the appellant for the reason that the terms and conditions of probation to-wit: 'to stay out of all public places where intoxicants are sold or served' is constitutionally overbroad and void for vagueness."

Although appellant argues in his assignment that the conditions of his probation are both overbroad and vague, the analysis in his brief only addresses the issue of overbreadth. Therefore, we will only address that issue. App.R. 16(A)(4).

Appellant argues that because the condition does not notify him of the conduct expected, it is arbitrary and therefore overbroad. We first address the issue of whether this is a constitutional issue. Overbreadth may be a constitutional issue, but when a court is deciding issues of constitutionality, it is examining acts of the legislature. Herein, the probation conditions were not acts of any legislating body. Rather, the conditions are made discretionary with the judiciary by the legislature and, therefore, our review is limited to whether there was an abuse of discretion by the municipal court.

As noted in Assignment of Error No. 1, we do not find that the trial court abused its discretion in ordering condition ten be placed upon appellant. Therefore, this assignment of error is not well taken.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

Evans and Thomas F. Bryant, JJ., concur.