The STATE of Ohio, Appellee,

v.

GRAHAM, Appellant.

[Cite as *State v. Graham* (1993), 91 Ohio App.3d 751.]

Court of Appeals of Ohio,
Warren County.

No. CA93–09–071.

Decided Dec. 27, 1993.

*Timothy A. Oliver,* Warren County Prosecuting Attorney, and *Rachel A. Hutzel,* Assistant Prosecuting Attorney, for appellee.

*Ruppert, Bronson, Chicarelli & Smith, L.P.A.,* and *James D. Ruppert,* for appellant.

WALSH, Judge.

Defendant-appellant, Wilson Graham, who was placed on probation subject to certain conditions after pleading guilty to securities violations, appeals his sentence.

Appellant is a certified public accountant ("CPA") who has been in practice for more than thirty years. A large portion of appellant's practice consists of tax preparation and financial planning for private individuals. In January 1991, appellant sent letters to some of his individual clients in an attempt to solicit loans from them in order to obtain operating capital for the intended expansion of

his accounting business. In exchange for money advanced to him by several of these clients, appellant issued promissory notes and promised to issue them stock in his expanded business. The promise of a future stock issuance, referred to as a warrant, was in violation of securities law, specifically R.C. 1707.44(C)(1). Appellant failed to complete the expansion of his business and failed to return to his clients the money they had loaned him.

Appellant was subsequently indicted on thirty-five counts of securities violations. He pleaded guilty to six counts of selling unregistered securities in violation of R.C. 1707.44(C)(1). The remaining counts were dismissed. At the sentencing hearing before the Warren County Court of Common Pleas, the trial judge heard testimony from appellant as well as those clients who had loaned appellant money. The trial court sentenced appellant to one year on each of the six counts, to run consecutively, fined him $2,000 on each count, and ordered him to pay restitution in the amount of approximately $34,400.

Appellant's incarceration was suspended upon the condition that he remain on probation for five years. Additionally, the court imposed as a special condition of probation that appellant would be required to wind up and cease operation of his accounting business and refrain from performing general accounting services for the public for the term of his probation.

Appellant subsequently brings this appeal and, in his sole assignment of error, asserts that the trial court erred in sentencing him. Specifically, appellant contends that the conditions of his probation are arbitrary and unreasonable and the trial court's imposition of such conditions usurped the disciplinary powers of the Accountancy Board of Ohio over certified public accountants.

According to R.C. 2951.02(C), a court may impose conditions on probation "[i]n the interests of doing justice, rehabilitating the offender, and ensuring his good behavior. * * *" While not limitless, a trial court has broad discretion in determining such conditions and is subject to reversal on appeal only for an abuse of discretion. *United States v. Hughes* (C.A.6, 1992), 964 F.2d 536, 542; *State v. Jones* (1990), 49 Ohio St.3d 51, 52, 550 N.E.2d 469, 470. The Ohio Supreme Court has set forth a three-pronged test for determining the validity of conditions of probation. *Id.* In order to be permissible and within the trial court's discretionary authority, a condition of probation must (1) be reasonably related to rehabilitating the offender, (2) have some relationship to the crime of which the offender was convicted, and (3) relate to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation. *Id.* at 53, 550 N.E.2d at 470.

Contrary to appellant's contention, an activity restricted by a condition of probation need not be illegal in order to be validly prohibited as long as "the

condition has a direct relationship to the crime of which defendant is convicted * * * [and] forbids conduct that is reasonably related to the prevention of future criminality * * *." *Id.* at 53, 550 N.E.2d at 471, quoting *California v. Mills* (1978), 81 Cal.App.3d 171, 181–182, 146 Cal.Rptr. 411, 417. Numerous decisions have upheld conditions limiting a probationer's freedom to engage in otherwise lawful activities. See *Jones*, 49 Ohio St.3d at 54, 550 N.E.2d at 471, fn. 1. Thus, if a condition meets the requirements of the *Jones* test, it can permissibly restrict somewhat a probationer's liberty so long as the condition is not overly broad so as to *arbitrarily, unnecessarily* or *unduly* burden the probationer in his exercise thereof. See *id.* at 52, 550 N.E.2d at 470; *State v. Livingston* (1976), 53 Ohio App.2d 195, 7 O.O.3d 258, 372 N.E.2d 1335.

■ In the present case, the condition of probation prohibiting appellant from providing accounting services to the general public is not unduly restrictive and meets the guidelines set forth in *Jones*. As the trial court noted, appellant had extensive contact with members of the public and all those he solicited money from were individual clients for whom he had performed public accounting services. Appellant had access to the confidential financial records of these people and used this confidential information to select targets for his solicitation letter. In light of this, the condition prohibiting appellant from working with the public is reasonably related to rehabilitating him, is directly related to the offenses of which he was convicted, and is reasonably related to future criminality because it greatly reduces the likelihood that appellant will be able to take advantage of the public again.

■ Appellant argues that the condition is unreasonable because it deprives him of his only means of livelihood. However, the Ohio Supreme Court, in *Jones*, cites with approval several cases where conditions of probation restricting a probationer's employment opportunities have been upheld as reasonable and within the trial court's discretion. See *Jones, supra*, 49 Ohio St.3d at 54, 550 N.E.2d at 472, citing *United States v. Tolla* (C.A.2, 1986), 781 F.2d 29, 32–33 (religion teacher convicted of income tax evasion based on false statements made under oath lawfully prohibited from teaching minors because such condition was reasonably related to rehabilitating defendant and protecting public); *United States v. Villarin Gerena* (C.A.1, 1977), 553 F.2d 723, 726–727 (police officer, convicted of civil rights violation in carrying out arrest, lawfully required to resign from police force during period of probation); *Berra v. United States* (C.A.8, 1955), 221 F.2d 590, 598, judgment affirmed (1956), 351 U.S. 131, 76 S.Ct. 685, 100 L.Ed. 1013 (union business manager, convicted of tax evasion as result of failure to report kickback income, lawfully prohibited from holding union office or employment).

██ Appellant also argues that a condition of probation which requires a probationer to give up his job, trade or profession is unreasonable where alternative, well-defined procedures for expulsion from the profession are available. See *United States v. Pastore* (C.A.2, 1976), 537 F.2d 675. Appellant claims that the trial court usurped the disciplinary powers of the accountancy board in imposing such a condition. *Pastore,* however, can be distinguished from the present case. As a condition of probation, the trial court in *Pastore permanently disbarred* the defendant, an attorney, which completely deprived him of his only means of making a living. *Id.* at 679. Here, however, the trial court, in sentencing appellant, did not require him to surrender his CPA certificate; rather, he was permitted to retain his license subject to action by the accountancy board.

Upon imposing the condition of probation, the trial judge emphasized that appellant could still practice some aspects of accounting and could continue to work as an accountant for a private company or agency. The trial court explained:

"You can still use your talent and ability as an accountant to make a living. You simply can't use it in dealing with the public because of the way you have used it in the past there's too great a danger that you will engage in similar shenanigans in the future in regards to people who will suffer financial, serious financial harm, again. That's why I have to impose that condition."

An examination of the record reveals that sufficient support existed for the trial judge's conclusions. During the sentencing hearing, several of the individual clients who had lent appellant money and had not been repaid testified that they felt appellant had misled or lied to them in order to induce them into lending him money. John Phipps, one of these clients, testified that he was led to believe his money was being invested in a mutual fund. Also, despite appellant's contentions, the record indicates that the condition was clearly explained to appellant that he was prohibited only from offering accounting services to the general public. This condition was clear enough to apprise appellant of the conduct expected of him. Appellant himself testified during the sentencing proceedings that he understood he could still practice some aspects of accounting.

Unlike the condition in *Pastore,* the condition imposed upon appellant was temporary, for the period of his probation only, and only partially restricted his employment opportunities. *Pastore* was distinguished by the *Tolla* court on these same grounds. See *Tolla, supra,* 781 F.2d at 35. While the condition of appellant's probation renders him less marketable as an accountant, it does not entirely deprive him of his means of livelihood. Granted, appellant will likely have more difficulty finding employment given the restrictions placed on him and consequently he will have more difficulty paying his court-imposed fines and

restitution charges. However, the mere fact that it may make compliance more difficult does not demonstrate that the condition is onerous and unwarranted. Because the condition on appellant's probation meets the *Jones* guidelines and generally comports with established law in this area, we find it reasonable and not an abuse of discretion. Appellant's assignment of error is accordingly overruled.

*Judgment affirmed.*

YOUNG, J., concurs.

KOEHLER, J., dissents.

KOEHLER, Presiding Judge, dissenting.

Appellant herein is a professional who, for thirty years, practiced public accounting as a CPA, apparently without a violation of the law or the ethics of the profession. Appellant was not engaged in security transactions *per se*, and his conviction was not predicated upon a fraudulent scheme or scam. His offense was soliciting his friends and clients to loan him money to expand his professional practice. The plan failed, and he was obligated beyond his means to repay the loans.

Having been convicted and deserving of probation rather than incarceration, appellant is to be rehabilitated, his good behavior is to be ensured, and the interests of justice are to be served. To prohibit his engagement in his profession for five years as a condition of probation, I believe, is overbroad and constitutes an abuse of the trial court's discretion.

It is very doubtful that appellant at his age and as a convicted felon could find other employment in his profession. It is not probable that any employment as an accountant or any other employment would allow him sufficient income to comply with the additional requirement that he make restitution of $34,400 within five years. It appears that such a restriction is unnecessary to preclude further criminal conduct, unless we acknowledge that the supervision explicit in probation is not possible or expected.

It would seem that to deny appellant the opportunity to do the work for which he has been trained and completed many years of satisfactory service precludes his successful probation and is unnecessary to protect the public. Accordingly, I dissent.