[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is an appeal from a judgment of the Maumee Municipal Court which sentenced appellant, Theodore Harmon, for driving while under the influence following an entry of a no contest plea. Appellant sets forth the following assignment of error:
 "THE TRIAL COURT ABUSED ITS SENTENCING DISCRETION WHEN IT REQUIRED APPELLANT TO ATTEND TWO ALCOHOLIC'S (SIC) ANONYMOUS MEETINGS A WEEK FOR TWO YEARS BEFORE APPELLANT COMPLETED THE COURT ORDERED ALCOHOL AND DRUG ASSESSMENT (Judgment Entry of Sentence; Transcript of Sentencing Hearing, p. 8-9) (sic)
The following facts are relevant to this appeal. Appellant was arrested on August 10, 1996 for driving while under the influence of alcohol and driving with a prohibited breath alcohol concentration, in violation of R.C. 4511.19(A)(1) and (3). After the trial court denied appellant's motion to suppress, appellant pled no contest to the charges. On December 27, 1996, the trial court sentenced appellant to one hundred eighty days of incarceration but suspended one hundred sixty days of incarceration on the grounds that appellant not have any alcohol related offenses within a two year period of inactive probation. The trial court also included a requirement that appellant submit to a drug and alcohol evaluation and successfully complete all recommendations of the probation officer including twice weekly Alcoholics Anonymous meetings with verification to be presented every three months to the probation department. Appellant filed a timely notice of appeal.
A trial court has broad discretion in determining conditions of probation and will not be subject to reversal on appeal absent an abuse of discretion. State v. Jones (1990),49 Ohio St.3d 51, 52. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219. (Citations omitted).
R.C. 2951.02(C)(1)(A) provides, in part, that "In the interests of doing justice, rehabilitating the offender, and ensuring his good behavior, the court may impose additional requirements on the offender * * *." The trial court's discretion in imposing conditions of probation is not limitless.
 "In determining whether a condition of probation is related to the `interests of doing justice, rehabilitating the offender, and insuring good behavior', courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." State v. Jones (1990), 49 Ohio St.3d 51, 53. (Citations omitted.)
Although appellant admits that the condition of Alcoholics Anonymous attendance is "loosely related to rehabilitating the offender, has some relationship to the crime and somewhat relates to conduct which is criminal or could be criminal," appellant argues that drinking is not against the law and this condition of probation would require two years of constant sobriety. Appellant also argues that because, at the sentencing hearing, the trial court noted that appellant was a very successful man in his business and that drinking was not a problem with regard to his work, that this probation condition fails to meet the test set forth in State v. Jones (1990), 49 Ohio St.3d 51.
The court in State v. Jones, 49 Ohio St.3d at 53, noted that an activity restricted by a condition of probation need not be illegal in order to be validly prohibited as long as "the condition has a direct relationship to the crime of which a defendant was convicted * * * [and] forbids conduct that is reasonably related to prevention of future criminality * * *." (Citations omitted.) The appellate court in State v. Graham
(1993), 91 Ohio App.3d 751, 754, stated: "Thus, if a condition meets the requirements of the Jones test, it can permissibly restrict somewhat a probationer's liberty so long as the condition is not overly broad so as to arbitrarily, unnecessarily, or unduly
burden the probationer in his exercise thereof." (Emphasis sic.)
Upon a thorough review of the record and upon consideration of the above law, this court finds that the trial court did not abuse its discretion in imposing the condition of probation of which appellant complains.
Accordingly, appellant's single assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Maumee Municipal Court is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ George M. Glasser, J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.