OPINION
Appellant, Joseph L. Green, appeals the lawfulness of his sentence entered by the Lake County Court of Common Pleas following his conviction for one count of robbery. Appellee, the state of Ohio, has filed an answer brief. For the reasons that follow, we reverse and remand the matter for further proceedings consistent with this opinion.
Appellant pled guilty by way of information to one count of robbery, a felony of the third degree, in violation of R.C.2911.02. The trial court accepted the plea and sentenced appellant to three years of community control sanctions subject to the general supervision and control of the adult probation department, with conditions; one hundred twenty days in the Lake County Jail with credit for two days served; and restitution.
According to the state's appellate brief, the robbery occurred on August 2, 1997 when appellant and a friend exited a tavern in Lake County and proceeded to accuse the victim of damaging their car in the parking lot of the tavern.[1] When the victim denied damaging the vehicle, appellant and his cohort dragged the victim out of his car, threw the victim's cell phone in a nearby lake, assaulted the victim and demanded the victim turn over his money.
At his sentencing hearing, appellant informed the trial court that he was under the influence of alcohol when the incident occurred, and that he did not think that it would have happened had he not been intoxicated.[2] Although the trial court expressed some hesitation about imposing the jointly recommended sentence that did not carry a term of imprisonment in the penitentiary, the trial court ultimately imposed the recommended sentence, with ten conditions of probation formulated by the trial court.[3]
Several of these conditions pertained to alcohol. Appellant was required to participate in and complete the jail treatment program. Upon completion of the jail term, appellant was to enter and complete the Lake-Geauga Center on Alcoholism and Drug Abuse treatment program. Appellant was also required to attend three Alcoholics/Narcotics Anonymous meetings per week, obtain a sponsor and have no alcohol or drug involvement. He was further required to submit to random drug and alcohol screens. The final condition prohibited appellant "from entering or being at places that sell, distribute, serve, or give away alcoholic beverages." At the sentencing hearing, the trial court indicated that this meant that appellant could not even go to a party.
Any violation of the terms of this sentence would lead to "a more restrictive sanction, a longer sanction, or a definite term of incarceration of five (5) years in the Lorain Correctional Institution in Grafton, Ohio." At the close of the hearing, the trial court gave appellant the following warning:
 "THE COURT: Now, I just told you that I'm tettering [sic] on placing you in the penitentiary, so if you infract any of the rules of probation that's where you're going to go; do you understand that?
"[APPELLANT]: Yes, sir.
 "THE COURT: So the first time that you look at that shot of whiskey or that bottle of beer or that hit on a joint, think about the penitentiary because that's where you're going to go. We catch you[,] you're going there."
Appellant did not object to the conditions of probation imposed by the trial court at the time of sentencing. Appellant thereafter perfected a timely appeal of his sentence, asserting two assignments of error for our consideration:
 "[1.] THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT, JOSEPH GREEN, WHEN, AS A CONDITION OF PROBATION, IT PROHIBITED MR. GREEN FROM ENTERING OR BEING AT PLACES THAT SELL, DISTRIBUTE, SERVE, OR GIVE AWAY ALCOHOLIC BEVERAGES IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS.
 "[2.] THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT, JOSEPH GREEN, WHEN IT PROHIBITED MR. GREEN FROM ENTERING OR BEING AT PLACES THAT SELL, DISTRIBUTE, SERVE, OR GIVE AWAY ALCOHOLIC BEVERAGES AS A CONDITION OF PROBATION IN VIOLATION AND NONCOMPLIANCE WITH THE STATUTORY STANDARDS OF THE OHIO REVISED CODE."
As appellant's two assignments of error are interrelated, we will address them in a consolidated fashion. In these two assignments, appellant argues that the trial court abused its discretion when it imposed the contested condition of probation that appellant not enter or be present "at places that sell, distribute, serve, or give away alcoholic beverages."
According to appellant, alcohol is such a pervasive substance in our society that the contested probation condition will effectively force appellant to become a hermit in his own home, preventing him from engaging in otherwise lawful activities such as going to weddings, restaurants, grocery stores or baseball games. Appellant thus argues that his constitutional rights to freedom of association and privacy have been infringed. Appellant also contends that the condition is so vague and unclear that it violates the essentials of due process because it provides no guidance to appellant as to what conduct is prohibited.
Initially, we note that we do not perceive appellant's failure to object to the contested condition at the time of sentencing to be fatal. In other words, we do not believe that this failure precludes appellant from challenging the condition of his sentence on appeal. If the trial court imposed a sentence wholly without authority in law, that sentence would amount to plain error that affected a substantial right of appellant. See Crim.R. 52(B);Columbus v. Davis (May 30, 1991), Franklin App. No. 90AP-1423, unreported, at 4, 1991 Ohio App. LEXIS 2528.
Second, we confirm that appellant has standing to challenge the probation condition at issue herein despite the fact that he has not yet been accused of violating the condition or had his probation revoked. Indeed, the Supreme Court of Ohio has implicitly acknowledged the same when it addressed a defendant's challenge to a probation condition contained within the defendant's sentence without requiring that the defendant be accused of violating the condition or that his probation be revoked. See State v. Jones (1990), 49 Ohio St.3d 51.
Third and finally, we reject appellee's contention that "it is even debatable as to whether appellant can make a constitutional vagueness or overbreadth argument with regard to a condition of probation." Notwithstanding appellee's citation to State v.Demosthene (1992), 78 Ohio App.3d 421, 424,[4] we find no authority for the proposition that appellate courts may not consider the constitutional implications of a criminal defendant's sentence. Quite to the contrary, an appellate court is entrusted with ensuring that the sentence imposed by the trial court was a lawful one. See R.C. 2953.08(G)(1)(d). A sentence which unreasonably impinges upon a defendant's constitutional rights or which violates the essentials of due process is necessarily a sentence contrary to law.
Moreover, the Supreme Court of Ohio has implicitly acknowledged the propriety of appellate review in this context in the Jones
case. As will be discussed in greater detail below, the Supreme Court examined the subject sentence in Jones to determine whether the condition contested in that case was vague or overbroad. It concluded that the condition was not.
These initial matters aside, we turn to appellant's contentions. R.C. 2951.02 governs the conditions that courts may impose in Ohio when granting probation. R.C. 2951.02(C)(1)(b) states:
 "When an offender who has been convicted of or pleaded guilty to a felony is sentenced to a nonresidential sanction pursuant to section 2929.17
of the Revised Code, the court shall impose as a condition of the sanction that, during the period of the nonresidential sanction, the offender shall abide by the law, including, but not limited to, complying with the provisions of Chapter 2923. of the Revised Code identified in division (C)(1)(a) of this section."
R.C. 2951.02(C)(1)(a) provides, in pertinent part: "In the interests of doing justice, rehabilitating the offender, and ensuring the offender's good behavior, the court may impose additional requirements on the offender * * *."
In Jones, the Supreme Court of Ohio announced the standard which lower courts must follow when interpreting the language of R.C. 2951.02(C)(1)(a). Although the trial court is granted broad discretion in setting conditions of probation, the court's discretion is not unlimited. Jones at 52. See, also, State v.Livingston (1976), 53 Ohio App.2d 195.
The trial court's discretion is reviewed under the following test:
 "In determining whether a condition of probation is related to the `interests of doing justice, rehabilitating the offender, and insuring his good behavior,' courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." Jones at 53.
In Jones, the defendant was convicted on multiple counts of contributing to the unruliness or delinquency of a minor. The defendant there contended that the condition of probation that restricted his association, directly or indirectly, with anyone under the age of eighteen who was not a member of the defendant's family, was too broad and restricted his right to privacy.
The Supreme Court of Ohio disagreed, finding the condition reasonably related to rehabilitating the defendant without being unduly restrictive. The Supreme Court also noted the holding inCalifornia v. Mills (1978), 81 Cal.App.3d 171 wherein the Mills
court held that a condition of probation may justifiably interfere with a defendant's freedom of movement and association, since a person who has been convicted of a public offense enjoys a reduced expectation of privacy. Jones at 53-54. Accord State v. Sutley
(Dec. 14, 1990), Ashtabula App. No. 90-A-1495, unreported, at 10-11, 1990 Ohio App. LEXIS 5520.
In the case at bar, we believe that the contested condition passes constitutional and statutory muster to some degree. Nevertheless, we agree that the contested condition is so vague and overbroad that it is not capable of being readily understood.
First, we believe that the condition was reasonably related to rehabilitating appellant because he conceded to the court that his intoxication caused him to commit the offense of robbery. The incident occurred when appellant left a public tavern. If appellant is prohibited from frequenting such an establishment or similar establishments where alcohol is readily available, his chances of recidivism would be greatly diminished.
In addition, the condition has a reasonable relationship to the crime charged because, according to appellant, the crime occurred as a direct result of appellant consuming alcoholic beverages in a public tavern. Finally, although the condition does not relate to criminal conduct (i.e., it is not illegal to enter a tavern), the condition is reasonably related to future criminality which may occur after appellant has been drinking at taverns or other public venues where alcohol is served. As a result, we believe the condition serves the statutory ends of probation.
However, as indicated above, we believe that the condition is so vague and overbroad that it is not capable of being readily understood. In the Jones case, the defendant made the same argument that his condition of probation was not capable of being readily understood. Again, this condition prohibited Jones from associating or communicating directly or indirectly with minors, a group of persons undoubtedly pervasive in society.
The Supreme Court rejected Jones' argument because it believed a "common sense" reading of the condition put Jones on fair notice of what conduct was prohibited. The court indicated that the condition should reasonably be interpreted as meaning an illicit or potentially unlawful association or communication. The court stated:
 "Literal enforcement of any condition of probation, including the instant one, could be found to be unreasonable under some suggested fact patterns. For example, it might be unreasonable to find a violation of the probation condition for the probationer to be in the presence of people under the age of eighteen years while he was attending church services or programs or a group therapy program, or in any normal work setting, among other situations. Courts imposing conditions on probation are not expected to define with specificity the probationer's behavior in all possible circumstances. Rather, the conditions must be clear enough to notify the probationer of the conduct expected of him, with the understanding that the court will act reasonably at a revocation hearing, aware of the practicalities and fundamental goals of probation. There has been no showing that the condition imposed by the trial court in this case would be unreasonably enforced against Jones. We find no abuse of discretion by the trial court in imposing this condition of probation." Jones at 55.
Here, even a common sense reading of the contested condition does not inform appellant of what conduct is prohibited.[5]
We agree that places where alcohol is openly served and present on premises for consumption will obviously be off limits to appellant. Depending on the situation, this may properly include some private homes, parties, wedding receptions, baseball games and some restaurants. It will mostly certainly include all bars and taverns. However, the restriction also clearly includes any place such as a grocery store, a drug store or a gas station that happens to sell alcoholic beverages. Moreover, the contested condition does not include any requirement of "knowingly" or "intentionally" entering an establishment that sells or serves alcoholic beverages. Thus, an unintentional infraction is included. Nor does it make any reference to the presence of open versus closed containers of alcoholic beverages, a factor that would surely assist appellant in deciding what businesses or establishments would be off limits to him.
We have no quarrel with the concept that a degree of misery and inconvenience can and should accompany a term of probation.However, a probationer, using his best efforts, should be able tomeet the terms of his probation. Otherwise, he is simply being set up to fail. We do not believe that this is the purpose of probation. It defeats the interests of the system by dooming the probationer to failure from the beginning.
In light of the foregoing analysis, appellant's two assignments of error are well-taken to the extent indicated. The judgment of the trial court is reversed, and the case is hereby remanded for further proceedings consistent with this opinion.
 _______________________________________ JUDGE JUDITH A. CHRISTLEY
FORD, P.J.,
NADER, J., concur.
[1] We note that the record is devoid of documentation that describes the events in question. Nevertheless, appellant has not contested the statement of facts contained within the state's appellate brief, so we will presume it is accurate.
[2] The transcript of this hearing is contained within the record before this court.
[3] There was no prior agreement between appellant and the state as to recommended terms of probation.
[4] In Demosthene, the Third Appellate District held: "Overbreadth may be a constitutional issue, but when a court is deciding issues of constitutionality, it is examining acts of the legislature. Herein, the probation conditions were not acts of any legislating body. Rather, the conditions are made discretionary with the judiciary by the legislature and, therefore, our review is limited to whether there was an abuse of discretion by the municipal court." We note that no authority is cited in support of this holding.
[5] But, see, State v. Holmes (July 26, 1996), Montgomery App. No. 15539, unreported, 1996 Ohio App. LEXIS 3160 (condition requiring defendant to not "be on the premises where alcoholic beverages or substances of abuse are served or located" upheld); Demosthene (condition requiring the defendant to "[s]tay out of all public places where intoxicants are sold or served" upheld).