OPINION
Defendant Barbara Glover appeals a judgment of the Municipal Court of Licking County, Ohio, which convicted and sentenced her for one count of theft in violation of R.C. 2913.02, after appellant changed her plea from not guilty to no contest. The trial court sentenced appellant to thirty days in jail, all of it suspended, and a fine of fifty dollars. The court placed appellant on two years probation, on condition that appellant would attend Mound Builders Guidance Center for counseling, and would not enter a retail establishment during the term of the probation. Appellant assigns a single error to the trial court:
 ASSIGNMENT OF ERROR
THE TRIAL COURT ABUSED ITS DISCRETION IN PROHIBITING THE DEFENDANT-APPELLANT FROM ENTERING ANY RETAIL ESTABLISHMENT AS A TERM OF AND CONDITION OF HER PROBATION.
R.C. 2951.02 vests the trial court with authority to impose conditions of probation. R.C. 2951.02(C)(1)(a) outlines the general terms of probation, including compliance with the Revised Code regarding firearms and not leaving the State without the permission of the court or the offender's probation officer. That section further provides the court may impose additional requirements on the offender, including ordering restitution. The additional terms are directed towards the interest of doing justice, rehabilitating the offender, and ensuring the offender's good behavior. Appellant urges the condition of probation prohibiting her from entering any retail establishment does not advance the goals of doing justice, rehabilitating her, or ensuring her good behavior, and is unduly burdensome. In Lakewood v. Davies (1987), 35 Ohio App.3d 107, the Court of Appeals for Cuyahoga County noted a trial court may exercise broad discretion in setting additional conditions of probation, but the trial court should refrain from imposing arbitrary conditions that significantly burden the offender in the exercise of liberty while bearing only a remote relationship to the crime and the objectives of probation or rehabilitation. In State v. Jones (1990), 49 Ohio St.3d 51, the Ohio Supreme Court set forth the standard by which we may judge whether a term and condition of probation is proper. The Supreme Court directed our attention to whether the condition is reasonably related to rehabilitating the offender, has some relation to the crime of which the offender was convicted, and relates to conduct which is criminal or reasonably related to future criminality, Jones at 53. The State argues prohibiting the appellant from entering retail establishments will assist appellant to resist future temptations to shoplift, and will therefor assist in her rehabilitation. The State cites the case of State v. Demosthene (1992), 78 Ohio App.3d 421, wherein the Third District Court of Appeals found the court may appropriately order an offender to stay out of public places where intoxicants are sold or served. In State v. Graham (1993),91 Ohio App.3d 751, the Twelfth District Court of Appeals found if a condition meets the requirements of the Jones test, it can permissibly restrict a probationer's liberty so long as the condition is not overly broad and does not arbitrarily, unnecessarily, or unduly burden the probationer. We have reviewed the conditions of probation, and we note the court placed no limitation, other than the two year probationary period, on this condition. Appellant points out if she cannot enter a store to buy food or clothing, it will have a significant impact on her life for the next two years, and severely curtail her liberty. The Supreme Court has frequently defined the term abuse of discretion as implying the court's attitude is ". . . unreasonable, arbitrary or unconscionable . . .," see State v. Adams (1980), 62 Ohio St.2d 151 at 157. Our review of the record before us leads us to conclude the trial court abused its discretion in establishing this condition of probation, because we find it significantly burdens the appellant far beyond the objectives of probation and rehabilitation. The assignment of error is sustained.
For the foregoing reasons, the judgment of the Municipal Court of Licking County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
By Gwin, P.J., Hoffman, J., and Edwards, J., concur