DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Kurt Sauer, appeals from his sentence in the Medina County Court of Common Pleas for obstructing official business and disorderly conduct. We affirm.
 I. {¶ 2} On December 30, 2004, the Medina County Grand Jury indicted Mr. Sauer on one count of importuning, in violation of R.C. 2907.07(B), a fifth degree felony, and three counts of sexual imposition, in violation of R.C. 2907.06(A)(1), third degree misdemeanors. The charges were the result of a minor who reported that Mr. Sauer engaged in sexual contact with the minor on school property and solicited the minor to meet again at a later time, presumably to engage in sexual conduct with the minor. At the time this incident occurred, Mr. Sauer was employed by the public school system as the minor's choir teacher.
 {¶ 3} Pursuant to a negotiated plea agreement, the prosecution filed a bill of information containing two additional offenses, to wit, obstructing official business, in violation of R.C. 2921.31(A),[1] a second degree misdemeanor, and disorderly conduct, in violation of R.C. 2917.11(A)(5), a fourth degree misdemeanor. Mr. Sauer pled guilty to one count of disorderly conduct, and one count of obstructing official business, and agreed to resign immediately from his employment as a teacher. The court accepted his guilty plea, and the four counts originally contained in the indictment were dismissed.
 {¶ 4} The trial court sentenced Mr. Sauer to 90 days in jail on the obstructing official business charge, and 30 days on the disorderly conduct charge, to be served consecutively. However, the court suspended 60 days of the sentence and placed him on probation for two years. The court ordered, in pertinent part, Mr. Sauer to not have any contact with anyone under 18 years of age during the probation period, and to also turn in his teaching certificate until the completion of his probation period.
 {¶ 5} Mr. Sauer timely appealed, asserting two assignments of error for review.
 II. A. First Assignment of Error
"THE COMMON PLEAS COURT'S ORDER WITH RESPECT TO APPELLANT KURT SAUER'S SENTENCE THAT IMPOSED THE ADDITIONAL CONDITION TO THE TWO YEARS' PROBATION THAT `DEFENDANT SHALL HAVE NO CONTACT WITH ANYONE UNDER THE AGE OF 18 YEARS OLD DURING HIS PROBATION PERIOD' IS UNREASONABLY OVERBROAD AND VIOLATIVE OF APPELLANT'S FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS, RIGHTS TO FREEDOM OF ASSOCIATION AND TRAVEL AND SIXTH AMENDMENT RIGHTS."
 {¶ 6} In his first assignment of error, Mr. Sauer asserts that the imposition of a probation condition that he not have any contact with persons under 18 years of age during his probation is unreasonable and violates his constitutional rights to due process, freedom of association, freedom of travel, and his Sixth Amendment right to trial by jury. We disagree.
 {¶ 7} First, we discuss Mr. Sauer's argument that the special condition violates his right to a trial by jury because the condition is based upon facts neither admitted by him or found by jury, citing Blakelyv. Washington (2004), 542 U.S. 296, 159 L.Ed.2d 403, 124 S.Ct. 2531, 2538. We need not address the merits of this argument, because a review of the sentencing transcript reveals that Mr. Sauer did not raise this constitutional challenge during the hearing and does so for the first time on appeal. Generally, an appellant's failure to raise a constitutional argument to the trial court constitutes a waiver of that issue for the purposes of an appeal. State v. White (June 16, 1999), 9th Dist. No. 19040, at *13; State v. Awan (1986), 22 Ohio St.3d 120, syllabus. Therefore, Mr. Sauer has waived this argument and cannot raise it now on appeal.
 {¶ 8} Next, we address Mr. Sauer's argument regarding the no-contact probation condition. Sentencing courts have broad discretion in setting conditions of probation. State v. Jones (1990), 49 Ohio St.3d 51, 52, citing State v. Livingston (1976), 53 Ohio App.2d 195, 196-97. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 9} Ultimately, so long as the probation condition does not unnecessarily impinge on a probationer's rights, it will be upheld.Jones, 49 Ohio St.3d at 53. In determining whether or not a probation condition was overly broad and amounts to an abuse of discretion, the reviewing court must determine (1) whether the condition is "reasonably related to rehabilitating the offender"; (2) whether the condition has "some relationship to the crime of which the offender was convicted"; and (3) whether the condition "relate[s] to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." Id. at 53.
 {¶ 10} Mr. Sauer argues that the Ohio Supreme Court's decision inJones supports his argument that the condition is unconstitutionally overbroad. However, that case serves more to support an affirmation of the probation condition in this case than an invalidation of the condition. In Jones, the Court found that a probation condition similar to the one in this case was not unreasonably broad. The condition provided that the defendant was to "have no association or communication, direct or indirect, with anyone under the age of eighteen (18) years not a member of his immediate family." Id. at 52. The court reasoned that the condition was not unduly restrictive; that when rationally interpreted, the condition was related to the crime of which the defendant was convicted, i.e., contributing to the unruliness or delinquency of a child; and that it was reasonably related to future criminality and served the statutory purposes of probation. Id. at 52 54. See, also, R.C. 2929.21(A) 2929.22(B). Furthermore, the Court acknowledged that a number of courts have upheld conditions that limit a probationer's freedom to engage in activities that would otherwise be lawful. SeeJones, 49 Ohio St.3d at 51, 54, fn. 1.
 {¶ 11} Similarly, the offenses in the instant case involved illicit contact between a minor student and the minor's teacher, on school property. Mr. Sauer pled guilty to disorderly conduct, in violation of R.C. 2917.11(A)(5), which states, "No person shall recklessly cause inconvenience, annoyance, or alarm to another by * * * [c]reating a condition that is physically offensive to persons or that presents a risk of physical harm to persons or property, by any act that serves no lawful and reasonable purpose of the offender." In this case, the no-contact provision proscribes contact with persons under 18 years of age. Clearly, the no-contact provision is rationally related to this offense and serves the statutory ends of probation. See id. at 54; R.C. 2929.21. Mr. Sauer argues that the condition will render him
"a prisoner in his own home, virtually unable to have contact with the outside community. He would [be] unable to attend any gatherings of family or friends, unable to attend church, unable to hold any job, unable to go to the movies, the theater, or concerts; unable to [go to] sports events, unable to go shopping, or to go to any restaurant, or to take a walk in the park with his wife. There is virtually no place that Mr. Sauer could go without the certain, or chance, contact with someone under 18 years of age."
Logically and rationally interpreted, this condition restricts anyillicit or illegal contact with any person under 18 years of age, and does not give way to the interpretation Mr. Sauer proposes. See Jones,49 Ohio St.3d at 55 ("we conclude that the words, `have no association or communication, direct or indirect, with anyone under the age of eighteen (18) years * * *,' should reasonably be interpreted as meaning an illicit, or potentially unlawful association or communication.").
 {¶ 12} The Court in Jones expounded on its interpretation of the no-contact condition in that case, which we find directly instructive to the instant case:
"Literal enforcement of any condition of probation, including the instant one, could be found to be unreasonable under some suggested fact patterns. For example, it might be unreasonable to find a violation of the probation condition for the probationer to be in the presence of people under the age of eighteen years while he was attending church services or programs or a group therapy program, or in any normal work setting, among other situations. Courts imposing conditions on probation are not expected to define with specificity the probationer's behavior in all possible circumstances. Rather, the conditions must be clear enough to notify the probationer of the conduct expected of him, with the understanding that the court will act reasonably at a revocation hearing, aware of the practicalities and fundamental goals of probation. There has been no showing that the condition imposed by the trial court in this case would be unreasonably enforced against Jones." Id. at 55.
 {¶ 13} Based upon the foregoing, we find that the no-contact condition in this case meets each of the criteria set forth in Jones. Therefore, we conclude that this condition does not violate Mr. Sauer's constitutional rights and that the trial court did not abuse its discretion. See Pons,66 Ohio St.3d at 621.
 {¶ 14} Mr. Sauer's first assignment of error is overruled.
 B. Second Assignment of Error
"THE COMMON PLEAS COURT'S ORDER THAT IMPOSED THE ADDITIONAL CONDITION THAT `DEFENDANT SHALL TURN IN HIS TEACHING CERTIFICATE UNTIL THE COMPLETION OF HIS PROBATION PERIOD' IS ARBITRARY AND UNREASONABLE, VIOLATES THE SEPARATION OF POWERS CREATED IN THE OHIO CONSTITUTION, IMPROPERLY INTERFERES WITH THE SYSTEM OF GOVERNANCE OF TEACHERS ESTABLISHED BY THE LEGISLATURE AND VIOLATES APPELLANT'S FEDERAL SIXTH AMENDMENT RIGHTS AND CONSTITUTIONAL RIGHTS TO DUE PROCESS."
 {¶ 15} In this assignment of error, Mr. Sauer argues that this condition that required him to turn in his teaching certificate interferes with his right to seek employment as a teacher. Also, Mr. Sauer argues that the condition imposed does not relate to conduct that is criminal, in that the act of teaching is not criminal, and that the condition is not reasonably related to the prevention of future criminal activity. Mr. Sauer further argues that the condition should not have been imposed because he already agreed to immediately resign from his tenure position, and that to prevent him from teaching elsewhere during his two-year probation period was an excessive punishment. We disagree.
 {¶ 16} Initially, we note that Mr. Sauer also argues that this special condition violates his right to a trial by jury per Blakely, 542 U.S. 296,124 S.Ct. at 2538. As stated in our analysis of the first assignment of error, Mr. Sauer has failed to raise this constitutional issue before the trial court, and therefore has waived that issue for the purposes of an appeal. White, at *13; Awan, 22 Ohio St.3d at syllabus.
 {¶ 17} We review this assignment of error under an abuse of discretion standard, as well. See Jones, 49 Ohio St.3d at 52; Pons,66 Ohio St.3d at 621. In State v. Graham (1993), 91 Ohio App.3d 751, the Twelfth District Court of Appeals upheld a special condition of probation that required the defendant in that case, a certified public accountant, to "cease operation of his accounting business and refrain from performing general accounting services to the public for the term of his probation," which was five years. Id. at 753. The court stated, that, so long as a probation condition passes muster under the Jones test and is not overly broad, it will be upheld. Id. at 753. The court also specifically noted that "an activity restricted by a condition of probation need not be illegal in order to be validly prohibited as long as `the condition has a direct relationship to the crime of which defendant is convicted * * * [and] forbids conduct that is reasonably related to the prevention of future criminality." Id. at 753-54. The court acknowledged that the defendant in that case would likely have more difficulty finding employment and paying his court-imposed fines and restitution charges. However, the mere fact that it made compliance more difficult did not demonstrate to the court that the condition was "onerous and unwarranted." Id. at 756.
 {¶ 18} In the instant case, the prohibition of Mr. Sauer from teaching in the school system is reasonably related to rehabilitating the offender, and it bears some relationship to the underlying crime, which occurred on school property. Although the condition does not directly relate to conduct which is in itself criminal (teaching), it does curtail the potential that the conduct would occur again in a school setting, and serves the purposes of misdemeanor sentencing as set forth in R.C. 2929.21. See Jones, 49 Ohio St.3d at 53-55. Although Mr. Sauer will have difficulty finding employment due to the suspension of his teaching certificate, this alone is insufficient to invalidate the probation condition. See Graham, 91 Ohio App.3d at 754.
 {¶ 19} Mr. Sauer also maintains that the condition was unreasonable because it usurped the State Board of Education's disciplinary authority by essentially "suspending" his teaching certificate for two years. As this Court explained in State v. Graham (1997), 119 Ohio App.3d 208,209:
"Subject to constitutional constraints, the authority to fix punishment for crimes is vested exclusively in the legislature. See 28 Ohio Jurisprudence 3d (1993) 751, Criminal Law, Section 2816. See, also, Section 1, Article II, Ohio Constitution; R.C. 2901.03. The General Assembly has exercised its legislative power in prescribing penalties for crimes in R.C. 2929[.01,] et seq. Chapter 2929 declares the range of possible penalties as well as the guidelines for choosing the penalty to be imposed."
The General Assembly has prescribed various guidelines for the trial court to follow in imposing conditions of probation for misdemeanors. See R.C. 2929.27(B); R.C. 2929.25(A)(1)(a) and (B)(2). These guidelines inherently bestow upon the trial court the latitude it needs to foster the general purposes of misdemeanor sentencing. "[T]he punishment of crime is indispensable to the safety of the community and the preservation of peace and order." (Internal quotation omitted.) Graham,119 Ohio App.3d at 211. See, also, R.C. 2929.21(A) (stating that the court "shall" be guided by the purposes of misdemeanor sentencing, one of which is to punish the offender). The probation condition Mr. Sauer challenges here has a rational connection to the charge of which he was convicted, as the incident involved a minor student and occurred on school grounds. We find that the trial court's condition of probation that Mr. Sauer challenges does not contravene the statutory guidelines set forth by our legislature, and Mr. Sauer has not challenged the validity of these provisions.
 {¶ 20} While this Court may not have required the surrender of a teaching license if it were in the trial court's position, that is inconsequential, because we are bound by our standard of review, which requires us to defer to the judgment of the trial court, which is in the best position to adjudge the realities of each case. Absent a showing of "perversity of will, passion, prejudice, partiality, or moral delinquency," see Pons, 66 Ohio St.3d at 621, this Court cannot substitute its judgment for that of the trial court. Because we find that the condition meets the Jones test and cannot say that the condition is unduly restrictive, we are compelled to conclude that the trial court did not abuse its discretion in requiring Mr. Sauer to relinquish his teaching certificate for the duration of his probation period. See id.
 {¶ 21} Mr. Sauer's second assignment of error is overruled.
 III. {¶ 22} Mr. Sauer's first and second assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J. concurs
Carr, J. concurs in judgment only
[1] This charge arose from Mr. Sauer having provided the investigating authorities with conflicting information regarding the specific events leading to the charges in this case. During the initial interview, Mr. Sauer denied that anything occurred between him and the minor on school property. However, during a subsequent interview in August 2004, Mr. Sauer admitted that he had physical contact with the minor, and even stating that the minor touched him physically.