[Cite as *State v. Fontana*, 2019-Ohio-72.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-P-0063** |
| JENNIFER FONTANA, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2016 CR 00057.

Judgment: Affirmed in part; reversed in part and remanded.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Kristina Reilly,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Patricia J. Smith,* 206 South Meridian Street, Suite A, Ravenna, OH 44266 (For Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, Jennifer Fontana, appeals the judgment sentencing her to community control sanctions and ordering forfeiture of her nursing license after pleading guilty to a series of drug felonies. Fontana asserts the trial court erred in overruling her motion for intervention in lieu of conviction ("ILC") and by ordering forfeiture of her nursing license. We affirm in part, reverse in part, and remand.

{¶2} Fontana was charged with 15 counts: 12 for illegal processing of drug documents, fourth-degree felonies in violation of R.C. 2925.23(B)(1), and three for illegal processing of drug documents, fifth-degree felonies in violation of R.C. 2925.23(B)(1). Fontana is a registered nurse and nurse practitioner, who suffers severe pain due to multiple sclerosis. Fontana wrote prescriptions for various opioids, allegedly for her mother, to use personally.

{¶3} In July of 2016, Fontana pleaded guilty to six of the fourth-degree felony charges and two of the fifth-degree felony charges. She moved for ILC. The trial court found her eligible but denied the motion and sentenced her to community control sanctions, including forfeiture of her nursing license.

{¶4} We granted Fontana's motion for a delayed appeal. She assigns two errors:

{¶5} "[1.] The trial court committed unfair prejudicial error and violated the appellant's due process right to a hearing before the State Nursing Board when ordering the forfeiture of her nursing license as a condition of probation or as a part of the sentence.

{¶6} "[2.] The trial court abused its discretion when it found the appellant eligible for ILC, found that ILC would not demean the seriousness of the offense and would reduce the likelihood of recidivism, but then denied appellant ILC."

{¶7} Fontana first asserts the trial court lacked authority to order forfeiture of her nursing license.

{¶8} We review imposition of community control sanctions for an abuse of discretion. *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶10.

{¶9} "[A]n abuse of discretion is the trial court's 'failure to exercise sound, reasonable, and legal decision-making.' * * * When an appellate court is reviewing a pure

2

issue of law, 'the mere fact that the reviewing court would decide the issue differently is enough to find error (of course, not all errors are reversible. Some are harmless; others are not preserved for appellate review). By contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error.' * * *." *Ivancic v. Enos*, 11th Dist. Lake No. 2011-L-050, 2012-Ohio-3639, 978 N.E.2d 927, ¶70.

{¶10} The state points to two cases in support of its claim that forfeiture of Fontana's license is a permissible term of community control. In *State v. Graham*, 91 Ohio App.3d 751, 633 N.E.2d 622 (12th Dist.1993), Graham, an accountant, pleaded guilty to securities violations. *Id.* at 753. The trial court suspended his imprisonment and imposed probation, including ordering him not to offer accounting services during his probation. The Twelfth District upheld the condition finding it reasonably related to his crimes and rehabilitation. *Id.* at 754-756.

{¶11} The state also points to *Strongsville v. Starek*, 8th Dist. Cuyahoga No. 92603, 2009-Ohio-4568. Starek*,* a chiropractor, pleaded no contest to voyeurism regarding female patients and obstructing official business. The trial court sentenced him in part to five years of community control, a condition of which was that he not use his chiropractic license during that term. *Id.* at ¶1-4. On appeal, Starek argued the trial court lacked authority to suspend his license. *Starek* at ¶16. The Eighth District concluded the trial court had not suspended his chiropractic license, but merely ordered him not to use it during community control. *Id.* at ¶18-20.

3

**{¶12}** A court imposing community control "may impose any other conditions of release under a community control sanction that the court considers appropriate * * *." R.C. 2929.15(A)(1).

**{¶13}** However, as Fontana argues, the authority to revoke or suspend a nursing license lies with the state board of nursing. R.C. 4723.28(B). The board can revoke, suspend, or restrict an individual's nursing license if the person is convicted of a felony, among other reasons. R.C. 4723.28(B)(4). The board is also responsible for license reinstatement. R.C. 4723.28(J).

**{¶14}** Thus, although the trial court is authorized to impose *conditions* on Fontana's use of her license during the period of community control, the court exceeded the scope of its authority when it ordered forfeiture. Accordingly, Fontana's first assignment of error has merit.

**{¶15}** Fontana's second assignment of error claims the trial court abused its discretion by failing to impose ILC even though it found her eligible.

**{¶16}** ILC is governed by R.C. 2951.041. R.C. 2951.041(A)(1) states in part:

**{¶17}** "If an offender is charged with a criminal offense, * * * and the court has reason to believe that drug or alcohol usage by the offender was a factor leading to the criminal offense with which the offender is charged * * * the court may accept, prior to the entry of a guilty plea, the offender's request for intervention in lieu of conviction. * * * If the court elects to consider an offender's request, the court shall conduct a hearing to determine whether the offender is eligible under this section * * *."

**{¶18}** "[E]ven when an offender is eligible for ILC, the statute does not create a legal right to ILC. *State v. Crawford*, 12th Dist. Fayette No. CA2012-10-034, 2013-Ohio-

4

2280, 2013 WL 2423799, ¶5. The statute is 'permissive in nature and provides that the trial court may, in its discretion, grant the defendant an opportunity to participate in the early intervention in lieu of a sentence.' *State v. Nealeigh*, 2d Dist. Champaign No. 2010CA28, 2011-Ohio-1416, 2011 WL 1086630, ¶ 9." *State v. Roome,* 12th Dist. Madison No. CA2016-09-028, 2017-Ohio-4230, 92 N.E.3d 59, ¶7.

**{¶19}** Here, the state opposed the motion. And after a hearing, the trial court found Fontana eligible but denied her request.

**{¶20}** The trial court had discretion to determine whether she is a good candidate for ILC. *State v. Baker,* 2nd Dist. Montgomery No. 24510, 2012-Ohio-729, ¶13. It concluded that she was not. Fontana's PSI indicates she improperly used her prescriptive authority on 16 different occasions between January 2015 and November 2015. Fontana has failed to establish an abuse of discretion.

**{¶21}** Accordingly, the second assignment of error lacks merit.

**{¶22}** The trial court's decision is affirmed in part, reversed in part, and remanded for imposition of use limitations on Fontana's nursing license, if any.


TIMOTHY P. CANNON, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

5

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

**{¶23}** Finding merit in both assignments of error, I would reverse and remand.

**{¶24}** This court has recognized that the holder of a professional license has a protected property interest in that license. *Carothers v. Ohio Bd. of Speech Pathology and Audiology*, 11th Dist. Geauga No. 2004-G-2559. 2004-Ohio-6695, ¶10, citing *Chirila v. Ohio St. Chiropractic Board*, 145 Ohio App.3d 589, 596 (10th Dist.2001), citing *Sohi v. Ohio St. Dental Bd.*, 130 Ohio App.3d 414, 422 (1st Dist.1998). Consequently, the holder of such a license has a right to due process before being deprived of the license. *Althof v. Ohio St. Bd. of Psychology*, 10th Dist. Franklin No. 05AP-1169, 2007-Ohio-1010, ¶12-17.

**{¶25}** The state argues that Ms. Fontana's due process rights have not been disturbed. It points to the judgment entry of sentence, which provides, in relevant part:

**{¶26}** The state relies on *Starek*, *supra*, in support of its argument that a trial court can make non-use of a professional license a condition of community controls. I agree that *Starek* stands for this proposition. I further note, however, that the Eighth District was extremely reluctant to come to this conclusion. *Id.* at ¶23-29.

**{¶27}** I appreciate the fact the majority has ordered the trial court to change the revocation of Ms. Fontana's license to a condition of her community control sanctions. However, since the discipline of licensed professionals is confided to the appropriate state board, I believe the courts should not use license conditions as community control sanctions. It treads on the separation of powers.

**{¶28}** ILC is governed by R.C. 2951.041. In the lead case of *State v. Massein*, 125 Ohio St.3d 204, 2010-Ohio-1864, ¶9-11, the court wrote:

**{¶29}** "ILC is a statutory creation that allows a trial court to stay a criminal proceeding and order an offender to a period of rehabilitation if the court has reason to believe that drug or alcohol usage was a factor leading to the offense. R.C. 2951.041(A)(1). If, after a hearing, the trial court determines that an offender is eligible for ILC, then it shall accept the offender's guilty plea, place the offender under the general control and supervision of the appropriate probation or other qualified agency, and establish an intervention plan for the offender. R.C. 2951.041(C) and (D). The intervention plan shall last at least one year, during which the offender is ordered to abstain from alcohol and illegal drug use, to participate in treatment and recovery-support services, and to submit to regular random testing for drug and alcohol use. R.C. 2951.041(D). If the offender successfully completes the intervention plan, the trial court shall dismiss proceedings against the offender without an adjudication of guilt and may order the sealing of records related to the offense. R.C. 2951.041(E). If the offender fails to comply with any term or condition imposed as part of the intervention plan, the court shall enter a finding of guilt and impose the appropriate sanction. R.C. 2951.041(F).

**{¶30}** "'In enacting R.C. 2951.041, the legislature made a determination that when chemical abuse is the cause or at least a precipitating factor in the commission of a crime, it may be more beneficial to the individual and the community as a whole to treat the cause rather than punish the crime.' *State v. Shoaf* (2000), 140 Ohio App.3d 75, 77, * * * (referring to a previous, but similar, version of R.C. 2951.041). R.C. 2951.041 is not limited to offenders charged with drug offenses. Rather, any offender charged with any qualifying offense may be eligible for ILC so long as the trial court has 'reason to believe that drug or alcohol usage by the offender was a factor leading to the offender's criminal

behavior.' R.C. 2951.041(A)(1). ILC is not designed as punishment, but rather as an opportunity for first-time offenders to receive help for their dependence without the ramifications of a felony conviction. *State v. Ingram,* Cuyahoga App. No. 84925, 2005-Ohio-1967, * * *, ¶13.

**{¶31}** "R.C. 2951.041(B) lists the criteria that a criminal defendant must meet to be eligible for ILC. 'If an offender satisfies all of the statutory eligibility requirements for intervention, the trial court has discretion to determine whether a particular offender is a good candidate for intervention.'" *State v. Geraci,* Franklin App. No. 04AP–26, 2004-Ohio-6128, 2004 WL 2616660, ¶5." (Parallel Citations Omitted.)

**{¶32}** I conclude that *Massein* controls disposition of Ms. Fontana's second assignment of error. Sally Massein, a registered nurse at a hospital, stole morphine, and sought ILC, which was granted over the state's opposition by the trial court. *Id.* at ¶3-4. The state's opposition was based on former R.C. 2929.13(B)(1)(d), present R.C. 2929.13(B)(1)(b)(viii), which provides, in pertinent part: "(viii) The offender held a public office or position of trust, and the offense related to that office or position * * * [.]" Such offenders are ineligible for ILC. The state contended that Ms. Massein, as a nurse with access to drugs, held a position of trust. *Massein* at ¶3.

**{¶33}** The state appealed, and the Ninth District affirmed. *Massein* at ¶5. The Ninth District then certified its decision as being in conflict with a decision of the Tenth District. *Id.* The Supreme Court of Ohio accepted the certified question. *Id.* at ¶6. The court conducted a lengthy review of decisions from the courts of appeals regarding whether private persons could be considered as holding a position of trust for purposes of the relevant statutes, and concluded they could. *Id.* at ¶19-21. However, the court

8

further concluded that the term position of trust applied to persons occupying fiduciary relationships that facilitated the crimes. *Id.* at ¶34. The court then concluded that Ms. Massein did not occupy a fiduciary relationship with the victim of her crimes – the hospital employing her from which she stole – and thus, that she was eligible for ILC. *Id.* at ¶35-40.

{¶34} In the instant case, the trial court found, on the record, that Ms. Fontana met the statutory requirements for ILC. The assistant prosecutor opposed the motion, stating:

{¶35} "[T]he reason is mainly because the Defendant in this particular matter held a position of trust. She was a nurse at the time and I believe that they're in the process of taking her license and I think that's that she wants to avoid by filing this, but we're of the position that she owed her patients at the time a – or had a position of trust and abused that position being in that – being in that profession. It's a respected profession and I – we're of the opinion that in doing what she had done in this case, that she abused that position. Therefore, we would object to any intervention in this case."

{¶36} Thereafter, the trial court denied ILC verbally, from the bench.

{¶37} The problem I identify is that Ms. Fontana did not breach any fiduciary duty she may have owed in committing her crimes. She worked as a nurse practitioner, visiting nursing homes and in-home patients. As a nurse practitioner, she has wide-ranging powers, including that of writing prescriptions. If she had stolen medications from a patient, or used their names to obtain drugs for herself, that could easily be seen as breaching a fiduciary relationship. However, she committed her crimes by writing out prescriptions in her mother's name. Nothing in the record suggests her mother was her

9

patient.  Since the trial court found that she was otherwise eligible or ILC, it was an abuse of discretion for it not to grant ILC to Ms. Fontana.

{¶38}  Thus, I would find merit in the second assignment of error.

{¶39}  I respectfully dissent.