OPINION
{¶ 1} Defendant-appellant, Mark S. Lett, appeals his conviction on one count of Murder, following the entry of a guilty plea in the Lake County Court of Common Pleas. For the following reasons, we affirm the judgment of the court below, accepting Lett's plea of guilty. *Page 2 
 {¶ 2} On June 25, 2007, Lett was indicted on the following charges for his role in the murder of Peter F. Milano: Aggravated Murder, an unspecified felony in violation of R.C. 2903.01(A); Murder, an unspecified felony in violation of R.C. 2903.02(A); Murder, an unspecified felony in violation of R.C. 2903.02(B); two counts of Tampering with Evidence, felonies of the third degree in violation of R.C. 2921.12(A)(1); two counts of Receiving Stolen Property, felonies of the fifth degree in violation of R.C. 2913.51(A); Misuse of Credit Cards, a felony of the fifth degree in violation of R.C. 2913.21(B)(2); and Gross Abuse of a Corpse, a felony of the fifth degree in violation of R.C. 2927.01(B).
 {¶ 3} On October 25, 2007, a change of plea hearing was held and Lett signed a Written Plea of Guilty to Murder in violation of R.C. 2903.02(B). On the State's motion, the trial court entered a Nolle Prosequi on the remaining counts of the indictment.
 {¶ 4} At the change of plea hearing, the trial court explained to Lett the rights he was waiving by entering a plea of guilty. The court asked Lett: "Do you understand that if the Court accepts your plea of guilty to this one count of murder, that your guilty plea constitutes a full and complete admission of your guilt as to that particular crime?" Lett responded, "Yes."
 {¶ 5} The State advised the court that, had the matter been tried, it would have brought forth evidence that Lett caused Milano's death as a result of his committing, or attempting to commit an offense of violence that is a felony of the first or second degree, specifically Felonious Assault. The State maintained that, on April 14, 2007, at a hotel in Mentor, Ohio, Lett punched Milano in the face and thereby incapacitated him. Lett then struck Milano in the head with a metal pipe or other similar object. A garbage *Page 3 
bag was placed over Milano's head and he was placed in the bathtub. Subsequently, the body was removed and taken to Perry, Ohio, where the Lake County Sheriffs Department recovered it on April 17, 2007.
 {¶ 6} Lett denied striking the blow that caused Milano's death, but admitted to punching him and hitting him with the pipe. Lett also admitted that, by his actions, he assisted and encouraged his wife, Toni Freeman, to deliver the fatal blows to Milano. With these qualifications to the State's recital of the evidence, Lett admitted his guilt to the crime of Murder as set forth in the indictment.
 {¶ 7} In the Written Plea of Guilty, Lett acknowledged that the trial court explained to him the constitutional rights he was waiving by pleading guilty and that a guilty plea "constitutes an admission" to committing the offense.
 {¶ 8} On November 13, 2007, the trial court sentenced Lett to serve an indefinite prison term of fifteen years to life.
 {¶ 9} Lett timely appeals and raises the following assignment of error: "The trial court erred when it accepted a guilty plea by appellant without clearly explaining the effects of entering the guilty plea."
 {¶ 10} Pursuant to Crim. R. 11(C)(2)(b), a trial court "shall not accept a plea of guilty * * * without first addressing the defendant personally and *** [informing the defendant of and determining that the defendant understands the effect of the plea of guilty * * *."
 {¶ 11} "The information that a guilty plea is a complete admission of guilt, along with the other information required by Crim. R. 11, ensures that defendants enter pleas with knowledge of rights that they would forego and creates a record by which appellate courts can determine whether pleas are entered voluntarily." State v. Griggs, *Page 4 103 Ohio St.3d 85, 2004-Ohio-4415, at ¶ 11. "The right to be informed that a guilty plea is a complete admission of guilt is nonconstitutional and therefore is subject to review under a standard of substantial compliance." Id. at ¶ 12, citing State v. Nero (1990),56 Ohio St.3d 106, 107. "Under the substantial-compliance standard, we review the totality of circumstances surrounding [appellant's] plea and determine whether he subjectively understood that a guilty plea is a complete admission of guilt." Id.
 {¶ 12} On appeal, Lett argues the trial court failed to "personally inform him that in entering a plea of guilty the defendant is making a complete admission of guilt." The contention is contradicted by the record, which demonstrates the trial court expressly queried Lett whether he understood that his guilty plea "constitutes a full and complete admission of your guilt" as to the crime of Murder.
 {¶ 13} At one point in the colloquy during the change of plea hearing, Lett denied murdering Milano. The trial court then engaged Lett in a lengthy discussion regarding the circumstances of Milano's murder. Despite the initial denial, Lett did admit to causing Milano physical harm by punching him and hitting him with the pipe, thereby assisting in his murder. Lett further admitted that he was guilty of Murder inasmuch as his actions, by way of participation, support, and encouragement, caused Milano physical harm and, ultimately, his death.
 {¶ 14} The sole assignment of error is without merit.
 {¶ 15} The judgment of the Lake County Court of Common Pleas, accepting Lett's plea of guilty to Murder is affirmed. Costs to be taxed against appellant.
CYNTHIA WESTCOTT RICE, J., COLLEEN MARY OTOOLE, J., *Page 5 
concur. *Page 1