[Cite as *State v. Lett*, 2018-Ohio-2351.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-L-169** |
| MARK S. LETT, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2007 CR 000297.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Jennifer A. McGee*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Mark S. Lett*, pro se, PID# A540-748, Marion Correctional Institution, P.O. Box 57, 940 Marion-Williamsport Rd., Marion, OH 43302 (Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Mark S. Lett, appeals from the Opinion and Judgment Entry of the Lake County Court of Common Pleas, denying his "Motion for Vacation of: 'Non-Cognizable' Offense." The issues to be determined by this court are whether a motion to vacate a conviction/sentence for felony murder following a guilty plea, based on the failure to indict a defendant for a predicate felony, is properly filed as a postconviction petition over eight and a half years after the direct appeal was initiated;

whether such motion is barred by res judicata; and whether a conviction and/or sentence issued under such conditions are void. For the following reasons, we affirm the judgment of the court below.

{¶2} On June 25, 2007, the Lake County Grand Jury issued an Indictment, charging Lett with Aggravated Murder, an unclassified felony in violation of R.C. 2903.01(A); Murder, an unclassified felony, in violation of R.C. 2903.02(A); Murder, an unclassified felony, in violation of R.C. 2903.02(B); two counts of Tampering with Evidence, felonies of the third degree, in violation of R.C. 2921.12(A)(1); two counts of Receiving Stolen Property, felonies of the fourth and fifth degree, in violation of R.C. 2913.51(A); Misuse of Credit Cards, a felony of the fifth degree, in violation of R.C. 2913.21(B)(2); and Gross Abuse of a Corpse, a felony of the fifth degree, in violation of R.C. 2927.01(B).

{¶3} On October 25, 2007, a change of plea hearing was held and Lett entered a plea of guilty to Murder in violation of R.C. 2903.02(B). The court accepted the plea of guilty and issued a Judgment Entry on October 31, 2007, memorializing its finding. On the State's motion, the trial court entered a Nolle Prosequi on the remaining counts of the Indictment.

{¶4} The State advised the court that, had the matter been tried, it would have brought forth evidence that Lett caused the victim, Peter Milano's, death as a result of his committing, or attempting to commit an offense of violence that is a felony of the first or second degree, specifically Felonious Assault. The State maintained that Lett punched the victim and struck him in the head with a metal pipe or similar object.

{¶5} Pursuant to a November 16, 2007 Judgment Entry of Sentence, the trial

2

court sentenced Lett to serve an indefinite prison term of fifteen years to life.

{¶6}    Lett appealed, asserting that the trial court erred by not "clearly explaining the effects of entering" a guilty plea.  This court affirmed, finding no error in the acceptance of his plea.  *State v. Lett*, 11th Dist. Lake No. 2007-L-216, 2008-Ohio-4300, ¶ 9-13.

{¶7}    On October 30, 2017, Lett filed a Motion for Vacation of: 'Non-Cognizable' Offense.  Lett argued that he had not been charged with a first- or second-degree felony to serve as a predicate offense for a felony murder conviction, rendering his conviction and sentence void.  The State filed a November 9, 2017 Brief in Opposition.

{¶8}    In a November 17, 2017 Opinion and Judgment Entry, the trial court construed this Motion as a postconviction petition, which it rejected as untimely filed.  It also found Lett's arguments to be barred by res judicata.

{¶9}    Lett timely appeals and raises the following assignments of error:

{¶10}   "[1.]  Whether a trial court may accept a guilty plea of fewer than all of the essential elements of an offense and thereupon render judgment and sentence.

{¶11}   "[2.]  Whether a conviction for 'felony-murder' O.R.C. Section 2903.02(B) will lie (in a federal constitutional due process sense) in the absence of both an 'actus reus' and 'mens rea' component."

{¶12}   We will consider Lett's assignments of error jointly.  Lett argues that the court should not have accepted an "unconstitutional" plea of guilty for a felony murder offense when he was not charged with any predicate felony, that the lack of a predicate charge equated to failure to prove the existence of mens rea and actus reus, rendering his conviction and sentence void, and that this violated his due process rights.

3

**{¶13}** As an initial matter, we note that Lett did not characterize his motion as a postconviction petition, although it was construed in this manner by the trial court. "Courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12.

**{¶14}** Pursuant to R.C. 2953.21(A)(1)(a), a convicted defendant "who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States," may file a postconviction petition "stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence * * *." Thus, a motion can be construed as one for postconviction relief "where the motion was filed subsequent to a direct appeal, claimed a denial of a constitutional right, sought to render a judgment void, and asked for the vacation of the judgment and sentence." *State v. Perry*, 11th Dist. Trumbull No. 2016-T-0005, 2016-Ohio-7446, ¶ 16, citing *State v. Reynolds*, 79 Ohio St.3d 158, 160, 679 N.E.2d 1131 (1997).

**{¶15}** In Lett's Motion, he contended the court violated Ohio law by accepting his guilty plea to felony murder without an indictment or guilty plea to a predicate offense, but did not assert a specific denial of a constitutional right. In his appellate brief, however, Lett specifically states that the acceptance of his plea was unconstitutional and that his due process rights were violated. While he did not use those specific terms in his initial motion, this appears to support the trial court's determination that Lett intended to advance a claim of a denial of constitutional rights.

**{¶16}** Generally, an appellate court reviews a trial court's denial of a petition for

4

postconviction relief under an abuse of discretion standard. *State v. Hendrix*, 11th Dist. Lake No. 2012-L-080, 2013-Ohio-638, ¶ 7. "However, if a trial court denies a petition on legal grounds, e.g., by application of the doctrine of res judicata, this court's review is de novo." *State v. Davies*, 11th Dist. Ashtabula No. 2017-A-0013, 2017-Ohio-7961, ¶ 12.

**{¶17}** Construed as a postconviction petition, Lett's Motion fails as untimely. A postconviction petition filed under R.C. 2953.21(A)(1) "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *." R.C. 2953.21(A)(2). To avoid application of this requirement, the petitioner must show either: (1) that he was unavoidably prevented from timely discovering the facts on which the petition is based or (2) that the United States Supreme Court has recognized a new, retroactive federal or state right that is applicable to the present case. R.C. 2953.23(A)(1)(a).

**{¶18}** Under the foregoing time guidelines, Lett's petition was filed over eight and a half years late. The exceptions to the timeliness requirement discussed above do not apply here, since Lett was not prevented from discovering necessary facts, nor does he set forth a right that applies retroactively. Thus, Lett's Motion, construed as a postconviction petition, is barred due to the time requirement and since, such requirement is "jurisdictional," we are precluded from consideration of its merits. *State v. Scott*, 11th Dist. Trumbull No. 2011-T-0027, 2011-Ohio-4887, ¶ 21.

**{¶19}** Even if this claim was not untimely, it would be barred by the doctrine of res judicata, under which a defendant is precluded from "raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial" or

on direct appeal. *State v. Hobbs*, 11th Dist. Lake No. 2010-L-064, 2011-Ohio-1298, ¶ 39, citing *State v. Szefcyk*, 77 Ohio St.3d 93, 96, 671 N.E.2d 233 (1996). *Also State v. McCaleb*, 11th Dist. Lake No. 2004-L-003, 2005-Ohio-4038, ¶ 19 (applying res judicata in postconviction proceedings). Lett failed to raise these arguments at the trial court level at the time of his conviction or in his direct appeal and they will not be considered now.

{¶20} Lett contends, contrary to the arguments in his appellate brief regarding violations of constitutional rights, that the trial court erred in construing his motion as a postconviction petition since he did not raise a specific constitutional claim. He argues that his sentence was actually void and could thus be vacated outside of a postconviction petition and is not barred by res judicata, citing *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568. He does not assert any applicable authority in support of his conclusion that a plea to felony murder without an indictment or plea to a predicate offense renders his sentence or conviction void. Rather, he cites general authority for the proposition that sentences can be found void in some circumstances unrelated to the facts of the present matter. These cases relate to specific instances where the court lacked authority to issue a sentence, such as where the court disregarded the statutory requirements for the length of a sentence. *See State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984). In general, a void judgment is one that has been imposed by a court that lacks subject-matter jurisdiction over the case or when the court acts without authority to do so and disregards the law. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 27; *Simpkins* at ¶ 20-21. Lett fails to show a void judgment exists where the trial court issues a statutorily-

6

compliant sentence for an offense to which Lett pled guilty.

{¶21} The first and second assignments of error are without merit.

{¶22} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed. Costs to be taxed against appellant.


THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.