[Cite as *State v. Gaines*, 2019-Ohio-2097.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

TRUMBULL COUNTY, OHIO


| STATE OF OHIO, | : | **O P I N I O N** |
| | | |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2018-T-0075** |
| - vs - | : | |
| | | |
| KEVIN ANTHONY GAINES, | : | |
| | | |
| Defendant-Appellant. | : | |


Civil Appeal from the Trumbull County Court of Common Pleas.
Case No. 2014 CR 00999.

Judgment: Affirmed.


*Dennis Watkins*, Trumbull County Prosecutor, and *Ashleigh Musick*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Kevin Anthony Gaines*, pro se, PID: A674-815, Mansfield Correctional Institution, P.O. Box 788, 1150 North Main Street, Mansfield, OH 44901 (Defendant-Appellant).


TIMOTHY P. CANNON, J.

{¶1} Appellant, Kevin Anthony Gaines, appeals from the August 7, 2018 judgment entry of the Trumbull County Court of Common Pleas, denying his second pro se petition for postconviction relief. The trial court's judgment is affirmed.

{¶2} Following a bench trial, appellant was convicted on May 19, 2015, on two counts of felonious assault with firearm specifications. Appellant directly appealed, arguing his convictions were against the manifest weight of the evidence and his trial

counsel was ineffective for failing to file a motion to suppress out-of-court identifications made by the victim. This court affirmed appellant's convictions in *State v. Gaines*, 11th Dist. Trumbull No. 2015-T-0061, 2016-Ohio-1312. The following factual recitation is from that opinion:

> Marquel Baker was driving his vehicle, and Tegan Mason was in the front passenger seat. * * * They were now giving a ride to Desmond Coker, who was seated in the back seat, to an apartment complex in Highland Homes. Upon arriving, Desmond determined the people he wanted to visit were not home, and the trio attempted to leave the parking lot of the apartment complex. Marquel turned the wrong way out of the parking lot and soon realized they were approaching a dead-end. As Marquel maneuvered the car to turn around, a man approached the vehicle with a firearm. * * * The assailant opened the driver's door and began verbally harassing and threatening the occupants for approximately ten minutes: * * *. The assailant then recognized Desmond, who was in the back seat, and ordered him to get out of the car. After Desmond exited the vehicle, Marquel sped away, and the assailant opened fire on the vehicle. The rear window was shattered, and the left brake light was damaged. Marquel and Tegan were approaching a nearby intersection when they realized Marquel had been shot. Marquel parked the vehicle at the stop sign, and Tegan called 911. Tegan tried to keep Marquel conscious and applied pressure to the badly bleeding wounds on Marquel's back. Marquel was transported to the hospital by ambulance.

*Id.* at ¶3.

{¶3} In his first petition for postconviction relief, appellant argued a Fourth Amendment violation had occurred prior to his arrest, the prosecution failed to disclose a material witness prior to trial, his trial counsel was ineffective for failing to investigate, and his convictions were against the manifest weight of the evidence. The trial court denied appellant's petition, and this court affirmed the judgment in *State v. Gaines*, 11th Dist. Trumbull No. 2017-T-0021, unreported (Dec. 27, 2017).

{¶4} On May 18, 2018, appellant filed a second petition for postconviction relief, in which he raised the following three grounds for relief.

2

{¶5}    **(1)** "**Violation of the 6th amendment.  The conviction was gained as a result of prosecutorial misconduct that made the trial unfair**."  Appellant claimed the prosecutor allowed the state's witnesses to provide false testimony regarding the evidence used at trial, and he attached two photographs in support.   The crux of appellant's argument was as follows:

> During the state's opening statements, the prosecutor says that some 'pellets' had hit the back window of the vehicle, shattering it, and some of the 'pellets' proceeded through the front driver's seat and struck Mr. Baker. (Tp 9) [Officer] Fusco also testified that two 'pellets' had penetrated the glass and the seat and was laying on the seat. (Tp 74) There are two photos that depict the back of the driver's seat, that were not shown during trial, that shows the absence of any holes in the back of the driver's seat! These photos were in the state's possession before and during trial. The prosecutor in this case saw these photos and did not present them during trial because he knew they would discredit the witness' account of the events and the state's theory of the case. The testimony in regards to the driver's seat being penetrated by 'pellets' was clearly false, and the photos that were not presented [at trial] will prove this. The state's whole theory of the case was flawed, unproven, and unreliable.

{¶6}    **(2)** "**Violation of the 4th amendment.  Consent for search was not freely and voluntarily given**."  Appellant alleged a search was conducted with neither a warrant supported by probable cause nor voluntary consent at Starlett Payne's residence, where he was residing, and that evidence collected was used against him at trial.  In support, he attached the purported affidavit of Starlett Payne, which was also attached to his first petition for postconviction relief.

{¶7}    **(3)** "**Trial counsel failed to present crucial evidence**."  Appellant alleged his trial counsel was ineffective in failing to present the two photographs, which were in trial counsel's possession at the time of trial, because they would have disproved the state's theory of the case.

3

{¶8} The state filed a motion to dismiss the petition without a hearing on the basis that appellant failed to establish substantive grounds for relief.

{¶9} On August 7, 2018, the trial court denied the petition without a hearing, concluding appellant failed to set forth sufficient operative facts to establish substantive grounds for relief. The trial court found all three of appellant's grounds for relief were barred by the doctrine of res judicata. Additionally, the trial court found appellant was not "unavoidably prevented" from discovering the facts upon which he based his prosecutorial misconduct claim; he failed to support his Fourth Amendment claim with evidentiary documents containing sufficient operative facts; and he failed to demonstrate his trial counsel was ineffective.

{¶10} Appellant noticed a timely appeal and asserts three assignments of error for our review:

> [1.] Trial court erred in denying appellant's Post Conviction Relief Petition without a hearing.
>
> [2.] Trial court erred when it applied the doctrine of res judicata to the appellant's petition.
>
> [3.] The trial court erred when it found that the appellant was not unavoidably prevented from discovering the photos he relied on.

{¶11} "Any person who has been convicted of a criminal offense * * * who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." R.C. 2953.21(A)(1)(a).

4

{¶12} An untimely or successive petition for postconviction relief is permitted only under specific, limited circumstances, pursuant to R.C. 2953.23(A). *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, ¶22. R.C. 2953.23(A)(1) provides, in part relevant here, that a trial court may not entertain an untimely or successive petition unless both of the following apply:

> (a) * * * [T]he petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief * * *.

> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.

{¶13} "[A] petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition." *Apanovitch*, *supra*, at ¶36; *see also State v. Noling*, 11th Dist. Portage No. 2007-P-0034, 2008-Ohio-2394, ¶37. Whether a trial court has jurisdiction to entertain an untimely or successive petition is a question of law, which is reviewed de novo. *Apanovitch*, *supra*, at ¶24.

{¶14} We first consider appellant's third assignment of error. Appellant states that at the time of trial, he did not have any knowledge of the photographs upon which his first and third claims for relief are based, to wit: prosecutorial misconduct and ineffective assistance of counsel. Appellant asserts he should not be held accountable for trial counsel's knowledge of the photographs when determining whether he was unavoidably prevented from discovering them.

{¶15} "The phrase 'unavoidably prevented' implies a defendant was unaware of the facts at issue and was unable to learn of them through reasonable diligence." *Noling*, *supra*, at ¶38, citing *State v. McDonald*, 6th Dist. Erie No. E-04-009, 2005-Ohio-798, ¶19.

{¶16} Although appellant states he did not have personal knowledge of the two photographs, he has not demonstrated that he was unaware of the facts at issue or that he was unable to learn of them through reasonable diligence. Appellant merely argued he was unavoidably prevented from discovering the photographs until recently because they were in trial counsel's possession. We agree with the trial court's conclusion that "[s]uch statement does not show that he was 'unavoidably prevented' from the evidence for such a claim simply because he was not aware of the full amount of evidence his counsel received in discovery from the State." Thus, the trial court did not err in concluding appellant was not unavoidably prevented from discovery of the facts upon which he based his first claim for relief. Accordingly, the trial court did not have jurisdiction, pursuant to R.C. 2953.23(A), to adjudicate the merits of appellant's first claim for relief.

{¶17} Further, the trial court did not have jurisdiction to adjudicate the merits of appellant's third claim for relief, as it was also based on the photographs. In addition to appellant's failure to establish he was unavoidably prevented from discovering the photos, we conclude that, had they been admitted by defense counsel at trial, they do not clearly and convincingly demonstrate that no reasonable factfinder would have found appellant guilty. Thus, appellant has not satisfied the jurisdictional requirements of R.C. 2953.23(A). While the trial court addressed the merits of this claim and concluded appellant had not established ineffective assistance of counsel, it did not need to do so.

6

In fact, based on its determination as set forth above, it was without jurisdiction to address the merits. We therefore affirm this decision on different grounds.

{¶18} Appellant's third assignment of error is without merit.

{¶19} In his second assignment of error, appellant asserts res judicata was not a proper basis upon which to deny his petition because it was based on evidence dehors the record.

{¶20} The doctrine of res judicata is applicable to all postconviction proceedings. *State v. Adams*, 11th Dist. Trumbull No. 2003-T-0064, 2005-Ohio-348, ¶38, citing *State v. Szefcyk*, 77 Ohio St.3d 93, 95 (1996). "Under the doctrine, a defendant who was represented by counsel is barred from raising an issue in a petition for postconviction relief if the defendant raised or could have raised the issue at trial or on direct appeal." *Id.*, citing *Szefcyk*, *supra*, at syllabus and *State v. Reynolds*, 79 Ohio St.3d 158, 161 (1997). "'To overcome the res judicata bar, evidence offered dehors the record must demonstrate that the petitioner could not have appealed the constitutional claim based upon the information in the original record.'" *Id.* at ¶39, quoting *State v. Lawson*, 103 Ohio App.3d 307, 315 (12th Dist.1995).

{¶21} "The fact that an appellant raised ineffective assistance of counsel claims in a direct appeal does not bar such a claim in a petition for postconviction relief, provided the claim in the postconviction exercise is predicated upon evidence outside the record. We must look to the substance of the argument itself to determine whether it is barred by res judicata." *Id.* at ¶66; *see also Knoefel v. Connick*, 11th Dist. Lake No. 2016-L-131, 2017-Ohio-5642, ¶30-31 (Cannon, J., concurring).

7

{¶22} We agree with appellant that it was inappropriate to apply the doctrine of res judicata to his first and third claims for relief. The trial court held they were barred by res judicata because they could have been raised at trial or on direct appeal. Because the photographs were not admitted at trial, however, these claims of ineffective assistance and prosecutorial misconduct were based on evidence dehors the trial court record and could not have been properly raised or ruled upon in the direct appeal. The trial court's error in applying res judicata was harmless, however, in light of our determination that the trial court did not have jurisdiction to consider these claims.

{¶23} In his second claim for relief, appellant alleged his Fourth Amendment rights were violated when Starlett Payne's residence, where he was residing, was searched without probable cause or consent. This claim was previously raised and rejected in appellant's first petition for postconviction relief, and it could have been raised on direct appeal. *See Gaines*, *supra*, at ¶13-16. Thus, appellant's second claim for relief was barred by the doctrine of res judicata. We further note the trial court was also without jurisdiction to adjudicate the merits of this claim, as appellant did not satisfy the threshold requirements of R.C. 2953.23(A)(1).

{¶24} Appellant's second assignment of error is without merit.

{¶25} In his first assignment of error, appellant argues he presented evidence that, on its face, prompted a need for a hearing on his petition.

{¶26} Based on our conclusion that the trial court did not have jurisdiction to entertain appellant's successive petition pursuant to R.C. 2953.23(A)(1), it follows that the trial court did not err in failing to conduct a hearing prior to denying the petition. *Noling*, *supra*, at ¶102; *see also State v. Sharpless*, 11th Dist. Portage Nos. 99-P-0083 & 99-P-

8

0121, 2001 WL 114994, *4-6 (Feb. 9, 2001).  "A trial court may also dismiss a petition for postconviction relief without holding an evidentiary hearing when the claims raised in the petition are barred by the doctrine of res judicata."  *Adams*, *supra*, at ¶38, citing *Szefcyk*, *supra*, at syllabus.

{¶27}  Appellant's first assignment of error is without merit.

{¶28}  The judgment of the Trumbull County Court of Common Pleas is affirmed.

THOMAS R. WRIGHT, P.J.,

MATT LYNCH, J.,

concur.