[Cite as *State v. Barnard*, 2019-Ohio-2283.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NOS. **2018-A-0055** **2018-A-0056** **2018-A-0057** **2018-A-0058** |
| SHAWN GREGORY BARNARD, a.k.a. SHAWN G. BARNARD, | : | |
| Defendant-Appellant. | : | |
| | : | |

Civil Appeals from the Ashtabula County Court of Common Pleas, Case Nos. 2016 CR 00126, 2016 CR 00218, 2016 CR 00224, and 2016 CR 00225.

Judgment: Affirmed.

*Nicholas A. Iarocci,* Ashtabula County Prosecutor, and *Shelley M. Pratt,* Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Shawn Gregory Barnard*, pro se, PID# A691-116, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Shawn Gregory Barnard, appeals the dismissal of his petition for postconviction relief by the Ashtabula County Court of Common Pleas. For the following reasons, we affirm the decision of the court below.

{¶2} On September 26, 2016, Barnard pled guilty to the following charges in four consolidated criminal cases: Illegal Manufacture of Drugs, a felony of the second degree in violation of R.C. 2925.04(A) (Ashtabula C.P. No. 2016 CR 00126);

Aggravated Trafficking in Drugs, a felony of the fourth degree in violation of R.C. 2925.03(A)(1) and (C)(1)(a) (Ashtabula C.P. No. 2016 CR 00218); Illegal Manufacture of Drugs, a felony of the second degree in violation of R.C. 2925.04(A) (Ashtabula C.P. No. 2016 CR 00224); and Complicity to Interference with Custody, a felony of the fourth degree in violation of R.C. 2919.23(A)(1) and (D)(2) and R.C. 2923.03(A)(2) (Ashtabula C.P. No. 2016 CR 00225).

{¶3} On October 6, 2016, the trial court imposed on Barnard a stipulated aggregate sentence of fifteen years, comprised of the following consecutive prison terms: six years for Illegal Manufacture of Drugs (Ashtabula C.P. No. 2016 CR 00126); eighteen months for Aggravated Trafficking in Drugs (Ashtabula C.P. No. 2016 CR 00218); six years for Illegal Manufacture of Drugs (Ashtabula C.P. No. 2016 CR 00224); and eighteen months for Complicity to Interference with Custody (Ashtabula C.P. No. 2016 CR 00225).

{¶4} Barnard's convictions and sentence were affirmed on direct appeal in *State v. Barnard*, 11th Dist. Ashtabula Nos. 2017-A-0009, 2017-A-0010, 2017-A-0011, and 2017-A-0012, 2018-Ohio-695.

{¶5} On June 11, 2018, Barnard filed a Petition to Vacate or Set Aside Judgment of Conviction of Sentence, based on the alleged ineffective assistance of trial counsel. Barnard claimed that he advised his trial counsel in the underlying cases that Ashtabula Prosecuting Attorney, Nicholas Iarocci, had defended him in 1999 against a charge of Fleeing (Ashtabula Muni. No. 99 CR A 00058). During the course of that representation, Barnard shared with Iarocci "several things that were personal and trusted to be kept between attorney and client." Affidavit of Shawn G. Barnard. "Due to personal information known through [the] attorney-client privilege [in the 1999 case],

2

Chief Prosecutor Iarocci [led] a personal crusade to convict and enhance any and all penalties to its maximum level [in the present cases]." Petition to Vacate at 5. According to Barnard, trial counsel was ineffective for failing to have Iarocci removed as prosecutor for conflict of interest.

{¶6} On June 18, 2018, the State of Ohio filed a Motion to Dismiss Petition for Postconviction Relief.

{¶7} On June 22, 2018, the trial court issued a Judgment Entry, dismissing the Petition on the grounds that "the doctrine of res judicata bars Defendant from raising these arguments in the present petition":

> Defendant states that Prosecutor Nicholas Iarocci was once his trial attorney. He believes he was treated unfairly by the Prosecutor's Office because of this relationship. However, Defendant, who was represented at all times, did not raise this issue at trial or on appeal. At the time he entered a plea of guilty Defendant was aware that Nicholas Iarocci once represented him. Defendant also knew that Nicholas Iarocci was his former attorney [when he] filed his appeal. In other words, it is not newly discovered evidence. Any argument based upon Nicholas Iarocci's former representation of Defendant needed to be raised at trial or on direct appeal.

{¶8} On July 13, 2018, Barnard filed Notices of Appeal. On appeal, he raises the following assignments of error:

{¶9} "[1.] The trial court abused its discretion in its application of the doctrine of res judicata to Barnard's timely filed petition for post-conviction relief pursuant to O.R.C. § 2953.21 thus violating Barnard's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Section 1 and 14 of the Ohio Constitution."

{¶10} "[2.] The trial court erred in denying Barnard's post-conviction relief petition where he presented sufficient evidence dehors the record to merit an evidentiary hearing."

3

{¶11} "Any person who has been convicted of a criminal offense * * * who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. " R.C. 2953.21(A)(1)(a).

{¶12} "Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript." R.C. 2953.21(D).

{¶13} "Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending." R.C. 2953.21(F).

{¶14} "Postconviction review is a narrow remedy, since *res judicata* bars any claim that was or could have been raised at trial or on direct appeal." *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994); *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

{¶15} Although a decision regarding a postconviction petition is generally reviewed for abuse of discretion, where, as here, the petition is dismissed on legal grounds such as res judicata the propriety of dismissal is reviewed de novo. *State v. Lett*, 11th Dist. Lake No. 2017-L-169, 2018-Ohio-2351, ¶ 16.

4

{¶16} On appeal, Barnard contends that res judicata did not apply to his claims because the evidence to support them was dehors the record and, therefore, could not be raised on direct appeal:

> Barnard acknowledges that he knew of the conflict of interest of Chief Prosecuting Attorney Iarocci in the present case. Barnard brought this problem to the attention of trial attorney Boeham [sic] * * *. But due to the evidence to support Barnard's claim of a conflict of interest of Chief Prosecuting Attorney Iarocci being outside the record, Barnard could not bring this claim on direct appeal.

Appellant's brief at 8-9.

{¶17} Barnard is correct that, "[g]enerally, the introduction in an R.C. 2953.21 petition of evidence *dehors* the record of ineffective assistance of counsel is sufficient, if not to mandate a hearing, at least to avoid dismissal on the basis of *res judicata*." *State v. Cole*, 2 Ohio St.3d 112, 114, 443 N.E.2d 169 (1982); *State v. Miller*, 11th Dist. Lake No. 2018-L-055, 2018-Ohio-5192, ¶ 18 (cases cited). Barnard's Petition, nevertheless, is barred by res judicata since Barnard could have raised the issue at the time he entered his guilty pleas.

{¶18} A "defendant who * * * voluntarily, knowingly, and intelligently enters a plea of guilty with assistance of counsel 'may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea,'" including claims "that defense counsel provided constitutionally ineffective assistance." (Citation omitted.) *State v. Obermiller*, 147 Ohio St.3d 175, 2016-Ohio-1594, 63 N.E.3d 93, ¶ 55 and 53; *State v. Yodice*, 11th Dist. Lake No. 2001-L-155, 2002-Ohio-7344, ¶ 27 ("[o]nce the trial court accepted the guilty plea, appellant waived any deprivation of his constitutional rights that occurred prior to the entry of the guilty plea").

{¶19} As explained by Ohio's Supreme Court:

5

[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann* [i.e., a defendant "must demonstrate gross error on the part of counsel when he recommended that the defendant plead guilty instead of going to trial." *McMann v. Richardson*, 397 U.S. 759, 772, 90 S.Ct. 1441, 25 L.Ed.2d 673 (1970).]

*State v. Spates*, 64 Ohio St.3d 269, 272, 595 N.E.2d 351 (1992), quoting *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

{¶20} In the present case, Barnard has acknowledged that he knew of the potential conflict of interest with Prosecutor Iarocci, he brought the matter to the attention of trial counsel, and he expected counsel to, inter alia, seek the disqualification of the Ashtabula County Prosecutor's Office and the appointment of a special prosecutor. Barnard would have equally been aware that, at the time he entered his guilty pleas, trial counsel had failed to take any action with respect to Iarocci's prior representation. Despite counsel's failure, Barnard knowingly, intelligently, and voluntarily entered the pleas. As evidenced by the transcript of the plea hearing:

> The Court:  Are you satisfied with your lawyer?
>
> Barnard:    Yes, sir.
>
> The Court:  Has he answered all of your questions?
>
> Barnard:    Yes, sir.
>
> The Court:  Has he done everything that you've asked him to do that he's legally and ethically permitted to do?
>
> Barnard:    Yes, sir.

6

The Court: Have you had enough time to talk to him about this plea agreement?

Barnard: Yes, sir.

The Court: Do you need any more time?

Barnard: No, sir.

{¶21} Accordingly, the fact that Barnard could not raise his ineffective assistance claim on direct appeal without evidence dehors the record is immaterial for the application of res judicata. The alleged ineffective assistance of trial counsel had no bearing on the voluntary and intelligent character of the guilty pleas. By so pleading and not raising the issue before the trial court when given the opportunity to do so, Barnard has waived the right to raise the issue in postconviction proceedings. *Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104, at paragraph nine of the syllabus (res judicata bars a defendant "from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial").

{¶22} The assignments of error are without merit.

{¶23} For the foregoing reasons, the dismissal of Barnard's petition for postconviction relief is affirmed. Costs to be taxed against appellant.


CYNTHIA WESTCOTT RICE, J., concurs,

THOMAS R. WRIGHT, P.J., concurs in judgment only.

7