[Cite as *State v. Jackson*, 2019-Ohio-4735.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-L-042** |
| DION LAMARR JACKSON, SR., | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 2017 CR 000155.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Jennifer A. McGee*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Dion Lamarr Jackson, Sr.,* pro se, PID# A691-776, Richland Correctional Institution, 1001 Olivesburg Road, P.O. Box 8107, Mansfield, OH 44905 (Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Dion Lamarr Jackson, Sr., appeals from the judgment of the Lake County Court of Common Pleas, denying his postconviction petition as untimely. The issue to be determined by this court is whether the merits of a petition for postconviction relief can be considered when it is filed more than 365 days after the filing of the transcript on direct appeal and the defendant does not argue he was unavoidably prevented from discovering the facts upon which his petition is based.

For the following reasons, we affirm the judgment of the court below.

{¶2}   On February 10, 2017, the Lake County Grand Jury issued an Indictment, charging Jackson with Aggravated Robbery (Counts One and Five), felonies of the first degree, in violation of R.C. 2911.01(A)(1); Kidnapping (Counts Two and Three), felonies of the first degree, in violation of R.C. 2905.01(A)(2); and Robbery (Counts Four and Six), felonies of the second degree, in violation of R.C. 2911.02(A)(2).  At the jury trial, testimony and evidence were presented in relation to two robberies committed at a Dollar General store, summarized in this court's opinion on direct appeal in *State v. Jackson*, 11th Dist. Lake No. 2017-L-140, 2018-Ohio-3241, ¶ 5-13.  Following a jury trial, Jackson was found guilty of Counts Five and Six and not guilty of the remaining counts.  The court issued a September 29, 2017 Judgment Entry of Sentence, ordering Jackson to serve a term of seven years in prison.

{¶3}   Jackson, through counsel, appealed and argued that the lower court erred in failing to sever offenses for trial and that the verdict was against the weight and sufficiency of the evidence.  In an August 13, 2018 opinion, this court affirmed his convictions.  *Id.* at ¶ 41.

{¶4}   On January 14, 2019, Jackson filed a Petition to Vacate or Set Aside Judgment of Conviction or Sentence/Request for Post-Conviction Relief in the trial court, alleging that his conviction should be vacated as void or voidable.  He argued, inter alia, that his conviction violated due process as it was not supported by sufficient evidence, witness testimony and evidence was "stacked" against him at trial, and trial counsel was ineffective.  He asserted that counsel had failed to "comply with the demands of the Defendant during trial," and "to protect the rights of the Defendant

2

during each phase of the identification by the State's witnesses," failing to "secure the testimony of key witnesses" who would support the fact that he did not match the description of the perpetrator. The State filed its response on March 7, 2019.

{¶5} The trial court denied Jackson's petition in an April 10, 2019 Opinion and Judgment Entry on the grounds that it was untimely filed.

{¶6} Jackson timely appeals and raises the following assignments of error:

{¶7} "[1.] The trial court erred when it denied Dion Jackson Sr.['s] motion for severance of offenses for trial, in violation of his rights to due process of law under the Fifth and Fourteenth Amendments of the U.S. Constitution and Sections 10 and 16, Article I of the Ohio Constitution.

{¶8} "[2.] The trial court erred to the prejudice of the defendant appellant in denying his motion to remove the Lake County Public Defender[']s Office from his defense.

{¶9} "[3.] The trial court erred to the prejudice of the Defendant-Appellant in denying his motion for acquittal made pursuant to Crim.R. 29(A)."

{¶10} Pursuant to R.C. 2953.21(A)(1)(a), a convicted defendant "who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States," may file a postconviction petition "stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence * * *."

{¶11} Appellate courts generally review a trial court's denial of a petition for postconviction relief under an abuse of discretion standard. *State v. Hendrix*, 11th Dist. Lake No. 2012-L-080, 2013-Ohio-638, ¶ 7. "However, if a trial court denies a petition on

3

legal grounds," by applying the doctrine of res judicata or finding that the petition is untimely filed, this court conducts a de novo review. *State v. Davies*, 11th Dist. Ashtabula No. 2017-A-0013, 2017-Ohio-7961, ¶ 12; *State v. Gaines*, 11th Dist. Trumbull No. 2018-T-0075, 2019-Ohio-2097, ¶ 13.

{¶12} A postconviction petition made pursuant to R.C. 2953.21(A)(1) "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *." R.C. 2953.21(A)(2).

{¶13} Since the trial transcript was filed in this court on direct appeal on January 10, 2018, a timely postconviction petition was due by January 10, 2019. Jackson filed his petition on January 14, 2019, over 365 days after the trial transcript filing. Thus, the petition was untimely, a conclusion not refuted by Jackson on appeal.

{¶14} A court may not entertain an untimely petition if the petitioner fails to show: (1) that he was unavoidably prevented from timely discovering the facts on which the petition is based or (2) that the United States Supreme Court has recognized a new, retroactive federal or state right applicable to the present matter. R.C. 2953.23(A)(1)(a).

{¶15} Jackson has presented no argument in his appellate brief in support of a conclusion that he was unavoidably prevented from timely discovering the facts upon which his petition is based. Rather, he presents three assignments of error relating to the merits of the claims raised in his petition. His first and third assignments are based not upon newly discovered facts but arguments that the trial court improperly applied the law in failing to sever the offenses and by failing to dismiss the charges against him as unsupported by sufficient evidence. In addition to being untimely, these assignments

4

are further barred by the doctrine of res judicata. Under this doctrine, "a defendant who was represented by counsel is barred from raising an issue in a petition for postconviction relief if the defendant raised or could have raised the issue at trial or on direct appeal." *State v. Adams*, 11th Dist. Trumbull No. 2003-T-0064, 2005-Ohio-348, ¶ 38, citing *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996), syllabus. Jackson's arguments that the court erred in severing two separate burglary offenses for trial and by denying his motion for acquittal were specifically raised by his counsel on direct appeal. This court considered and rejected those arguments. *Jackson*, 2018-Ohio-3241, at ¶ 20-27, 29-39. Jackson is not entitled to have this court consider the merits of these arguments for a second time.

{¶16} In Jackson's second assignment of error, he contends that the lower court erred by denying his motion to remove defense counsel. Within this argument, he asserts that various evidence was not presented by counsel at trial, a failure which he raised in a motion to the trial court. Again, he fails to allege that this argument is based on facts he was prevented from discovering in a timely fashion rather than facts known to him not only prior to the 365-day filing deadline but at the time of trial. Video surveillance evidence and Officer Ropos' police report cited in his brief as evidence not presented by trial counsel were specifically referenced by Jackson at his sentencing hearing, demonstrating he had access to this information even prior to his direct appeal. Other arguments are not based on newly discovered facts but simply assert arguments counsel should have made based on the evidence already in the record at trial.

{¶17} Further, Jackson fails to allege any new rights created by the United States Supreme Court applicable to the present matter that would justify seeking

untimely postconviction relief, nor do we find that any such right exists.

{¶18} Since Jackson has not demonstrated any grounds justifying his untimely filing of his petition requesting postconviction relief, the trial court properly denied the petition and declined to address its merits. "[A] petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition." *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 36; *State v. Lett*, 11th Dist. Lake No. 2017-L-169, 2018-Ohio-2351, ¶ 18.

{¶19} Jackson's assignments of error are without merit.

{¶20} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas, denying Jackson's postconviction petition, is affirmed. Costs to be taxed against appellant.


THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

6