[Cite as *State v. Glover*, 2020-Ohio-6683.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-P-0003** |
| RICHARD L. GLOVER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2017 CR 00237.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Michael A. Partlow*, 112 South Water Street, Suite C, Kent, OH 44240 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Richard L. Glover, appeals from the Judgment Entry of the Portage County Court of Common Pleas, denying his motion to modify sentence. For the following reasons, we affirm the judgment of the court below.

{¶2} On March 22, 2017, Glover was indicted by the Portage County Grand Jury for Tampering with Evidence, a felony of the third degree, in violation of R.C. 2921.12(A)(1), and Possession of Cocaine, a felony of the fifth degree, in violation of R.C. 2925.11(A) and (C)(4)(a).

{¶3} On June 22, 2018, a change of plea hearing was held. Glover entered a plea of guilty to Possession of Cocaine as charged in the Indictment and a nolle prosecqui was entered on the remaining count. The trial court accepted the plea and found Glover guilty, which was memorialized in a Judgment Entry on the same date.

{¶4} Glover filed a request for intervention in lieu of conviction on June 25, 2018, asserting that he was eligible for intervention due to his drug/alcohol dependency. A subsequent letter prepared by the probation department noted a prior felony conviction in Michigan, stating that Glover "may not be eligible" for intervention in lieu of conviction.

{¶5} An Order and Journal Entry sentencing Glover was filed on September 27, 2018. The court found Glover was "not amenable to ILC." The court placed Glover on community control for four years.

{¶6} On December 12, 2019, Glover filed a motion to modify sentence. He argued that the court should reconsider his eligibility for intervention in lieu of conviction. He contended he had been found to not meet the requirements based on an alleged felony conviction from the state of Michigan and that "subsequent investigation shows that the conviction is for a misdemeanor and not a felony." On December 13, 2019, the court issued an Order and Journal Entry denying the motion without hearing.

{¶7} Glover timely appeals and raises the following assignment of error:

{¶8} "The trial court erred, as a matter of law, by denying appellant's motion to vacate his sentence without a hearing and without making any factual findings."

{¶9} Glover argues the trial court erred in denying the motion without a hearing and factual findings and that relief must be granted where a defendant is denied intervention in lieu of conviction based upon erroneous information. No authority or

2

additional argumentation is cited in support of this proposition.

{¶10} As an initial matter, Glover argues that his motion should be construed as a postconviction petition, although it was not characterized as one in the lower court. "Courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12. The State, however, contends that the motion does not satisfy the requirements for a postconviction petition and, by seeking to modify the sentence, it is akin to a motion for reconsideration. Since Glover's argument is based upon his contention that he filed a postconviction petition, we will first address whether relief is warranted when his motion is construed as such a petition.

{¶11} A convicted defendant "who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States," may file a postconviction petition "asking the court to vacate or set aside the judgment or sentence * * *." R.C. 2953.21(A)(1)(a). A motion can be construed as a postconviction petition where it "was filed subsequent to a direct appeal, claimed a denial of a constitutional right, sought to render a judgment void, and asked for the vacation of the judgment and sentence." *State v. Perry*, 11th Dist. Trumbull No. 2016-T-0005, 2016-Ohio-7446, ¶ 16.

{¶12} An appellate court generally reviews a trial court's denial of a petition for postconviction relief under an abuse of discretion standard. *State v. Barnard*, 11th Dist. Ashtabula Nos. 2018-A-0055 et al., 2019-Ohio-2283, ¶ 15. When a petition is denied on legal grounds, such as res judicata or a finding that the petition is untimely filed, this court conducts a de novo review. *State v. Jackson*, 11th Dist. Lake No. 2019-L-042,

2019-Ohio-4735, ¶ 11; *State v. Miller*, 11th Dist. Lake No. 2018-L-055, 2018-Ohio-5192, ¶ 14.

{¶13} Construed as a postconviction petition, Glover's motion fails as untimely. A postconviction petition filed under R.C. 2953.21(A)(1), if an appeal was not taken, "shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal." R.C. 2953.21(A)(2). No appeal was filed and a timely appeal in this matter would have been due by October 27, 2018. The motion to modify was filed on December 12, 2019, over a month past the 365-day deadline.

{¶14} A defendant can proceed with an untimely petition only if he demonstrates grounds to do so under R.C. 2953.23. This necessitates showing that "he was unavoidably prevented from discovery of the facts upon which [he] must rely to present the claim for relief, or * * * the United States Supreme Court recognized a new federal or state right that applies retroactively" and demonstrating "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted," or presenting DNA testing that demonstrates actual innocence. R.C. 2953.23(A)(1)(a) and (b) and (2).

{¶15} No exceptions to the timeliness requirement apply here. Glover has not shown that he was unavoidably prevented from discovering facts relating to his claim. The level of the offense for which Glover had been convicted in Michigan should have been readily available to counsel to review at the time the motion for intervention in lieu of conviction was made and also should have been known to Glover. Further, no new right applies retroactive and DNA results are clearly inapplicable to this case. Failure to file a timely postconviction petition precludes its consideration. *State v. Lett*, 11th Dist.

Lake No. 2017-L-169, 2018-Ohio-2351, ¶ 18. As the petition was untimely, we do not find error in the trial court failing to hold a hearing or issue findings of fact. *See State v. VanPelt*, 11th Dist. Portage No. 2014-P-0058, 2015-Ohio-1070, ¶ 17 (a trial court is not required to hold a hearing where a petition is dismissed as untimely).

{¶16} Even if the petition were timely, Glover has not alleged a constitutional concern with his sentence or conviction. He takes issue with the fact that the court failed to grant his request for intervention in lieu of conviction because of an allegedly mistaken belief that he had a prior felony conviction, but does not argue how this renders the sentence void or voidable under the constitution. Further, intervention in lieu of conviction is permissive and an offender who is eligible for ILC does not have a legal right to it. *State v. Fontana*, 11th Dist. Portage No. 2017-P-0063, 2019-Ohio-72, ¶ 18.

{¶17} Even if the motion to modify was not considered as a postconviction petition, as is the State's contention, it would likewise fail. Glover requested to "modify" his sentence. This court has held that modification is not proper where a defendant has begun to serve his sentence. *State v. Archibald*, 11th Dist. Lake Nos. 2014-L-005 and 2014-L-006, 2014-Ohio-4314, ¶ 21. It has further been held that motions to modify a sentence are, in general, motions for reconsideration, which are a nullity and from which no appeal can be maintained. *State v. Berecz*, 4th Dist. Washington No. 18CA5, 2018-Ohio-2613, ¶ 7-9; *State v. Cozzone*, 2018-Ohio-2249, 114 N.E.3d 601, ¶ 34 (11th Dist.). To the extent it appears Glover may have intended to seek that his sentence be vacated since he believes he should have been granted intervention in lieu of conviction, relief would be improper under any alternative motion. A sentence that is voidable shall be challenged on direct appeal. *State v. Walker*, 11th Dist. Trumbull No. 2018-T-0024, 2018-

5

Ohio-3964, ¶ 12.  Allegations that a sentence is void, although it has been held they can be raised "at any time," arise when the court lacked subject matter or personal jurisdiction to sentence an offender, which was not demonstrated to be an issue in this matter.  *State v. Sands*, 11th Dist. Lake No. 2020-L-038, 2020-Ohio-3935, ¶ 11.

{¶18}  The sole assignment of error is without merit.

{¶19}  For the foregoing reasons, the judgment of the Portage County Court of Common Pleas, denying Glover's motion to modify sentence, is affirmed.  Costs to be taxed against appellant.


TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.